G. N. HEDGEPETH v. LUMBERMEN'S MUTUAL CASUALTY COMPANY AND W. L. BIZZELL.

(Filed 11 December, 1935.)

1. **Master and Servant F a—Industrial Commission has exclusive jurisdiction of claim against insurer for failure to provide medical attention.**

   Plaintiff employee brought action against the insurance carrier and its agent, alleging that after plaintiff's injury by accident arising out of and in the course of his employment, the agent, on behalf of insurer, induced plaintiff to dispense with the services of his physician and consult physicians selected by insurer, and that insurer promised to provide hospitalization and surgical services recommended by insurer's physicians, but failed to do so to plaintiff's permanent injury. *Held:* Insurer's obligation to furnish medical attention necessary to plaintiff's complete recovery was founded on the Workmen's Compensation Act, N. C. Code, 8081 (h), (gg),

and the Industrial Commission has exclusive jurisdiction of plaintiff's claim, and the demurrer of each defendant was properly sustained.

## 2. Principal and Agent C b—

An agent may not be held liable by a third person for acts done in the scope of his authority for a disclosed principal, the acts of the agent in such instance being the acts of the principal alone.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from judgment sustaining demurrers to the jurisdiction of the Superior Court, entered by *Devin, J.,* at March Term, 1935, of VANCE. Affirmed.

*A. W. Gholson, Jr., T. P. Gholson, J. B. Hicks, and J. H. Bridgers for plaintiff, appellant.*
*Ruark & Ruark for defendants, appellees.*

SCHENCK, J.   A reasonable interpretation of the complaint, the truth of which is admitted for the purposes of the demurrers, is that on 16 March, 1933, the plaintiff was employed by the Corbitt Company, a corporation, which carried a workman's compensation insurance policy with the defendant Lumbermen's Mutual Casualty Company, and on that day the plaintiff was injured by accident in the course of and growing out of his employment, and was subsequently awarded compensation for total disability by the North Carolina Industrial Commission. After this award was made the defendant W. L. Bizzell, who was the agent of the codefendant Lumbermen's Mutual Casualty Company, induced the plaintiff to dispense with the service of a physician he had first employed, and to submit himself to examinations by several other physicians at different times and different places, and that these latter physicians recommended certain hospital treatments, surgical services, and medicines for his restoration to health, which treatments, services, and medicines the defendant promised to furnish and procure for plaintiff, but failed so to do, and as a result of such failure the plaintiff's body became permanently deformed and disabled, to his great damage in the sum of $15,000. The alleged contract and promise to furnish and procure treatments, services, and medicines for the plaintiff was never submitted to or approved by the Industrial Commission.

It is manifest that if there was any liability to the plaintiff by the defendant casualty company for treatments, services, or medicines, such liability existed by virtue of the workmen's compensation insurance policy issued to the Corbitt Company, the plaintiff's employer, and therefore any action based upon such policy should be instituted under the North Carolina Workmen's Compensation Act, North Carolina

Code of 1935 (Michie), secs. 8081 (h), *et seq.,* which gives to the North Carolina Industrial Commission exclusive jurisdiction of the rights and remedies therein afforded.

Among the rights and remedies vouchsafed the employee are medicine, surgical, hospital, and other treatments, including such medical and surgical supplies as may reasonably be required to effect a cure or give relief, and it is provided that in case of a controversy arising relative to the continuance of any treatment the Industrial Commission may order such further treatment as may in its discretion be necessary, and that upon request of either party the Commission may change the treatment or designate other treatment suggested by the injured employee. Sec. 8081 (gg).

The demurrer of the corporate defendant to the jurisdiction of the Superior Court of Vance County was properly sustained; and since the position of Bizzell, the codefendant, was that of a known agent acting within the scope of his authority for a disclosed principal, any act of his was the act of the principal alone, *Way v. Ramsey,* 192 N. C., 549 (551), 21 R. C. L., 846, and his demurrer was likewise properly sustained.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.