This was a proceeding for compensation under the provisions of the North Carolina Workmen's Compensation Act.
The proceeding was begun before the North Carolina Industrial Commission, and was first heard by Commissioner Buren Jurney at Concord, N.C. on 16 June, 1936.
On his finding that the death of plaintiff's husband, Bennie Rankin, was the result of an injury by accident which arose out of and in the course of his employment by the defendant, Brown Manufacturing Company, Commissioner Buren Jurney awarded compensation to the plaintiff, as the sole dependent of her deceased husband, to be paid by the defendants.
On the application of the defendants for a review, the proceeding was heard by the Full Commission at Raleigh, N.C. on 4 September, 1936.
At said hearing the Full Commission found:
1. That at the date of his death, to wit, 15 March, 1935, plaintiff's husband, Bennie Rankin, was an employee of the defendant, Brown Manufacturing Company, at its factory in Concord, N.C.; that both the said Bennie Rankin, as employee, and the said Brown Manufacturing Company, as employer, were subject to the provisions of the North Carolina Workmen's Compensation Act, and that the defendant Travelers' Insurance Company was the insurance carrier for the said Brown Manufacturing Company, employer. *Page 358 
2. That at about 2 o'clock p.m. on 15 March, 1935, while he was standing outside the fence which encloses the factory of the Brown Manufacturing Company at Concord, N.C. near the gate, quarreling with the gateman who had refused to let him enter upon the premises through the gate without a pass as required by the rules of said company, Bennie Rankin was assaulted by the gateman, who cut his throat with a knife, thus causing an injury from which he died almost immediately; that the death of the said Bennie Rankin was the result of an injury by accident, but that the accident did not arise out of and in the course of his employment by the defendant, Brown Manufacturing Company.
On these findings of fact the Full Commission set aside the award of Commissioner Buren Jurney and made an award denying claimant any compensation for the death of her husband.
The plaintiff appealed from the award of the Full Commission denying compensation to the Superior Court of Cabarrus County.
The appeal was heard by the judge presiding at the June Term, 1937, of the Superior Court of Cabarrus County.
At said hearing it was ordered by the court that the proceeding be and it was remanded to the North Carolina Industrial Commission, with direction that said Commission make specific findings (1) as to whether the deceased or the gateman was the aggressor; (2) as to whether the gateman used excessive force in cutting the deceased, and causing his death, and (3) as to whether the action of the gateman was within the scope of his employment by the defendant, Brown Manufacturing Company.
From this order the defendants appealed to the Supreme Court, assigning error in the order.
In proper cases, the judge of the Superior Court has the power to remand a proceeding for compensation under the North Carolina Workmen's Compensation Act, pending in the Superior Court on an appeal from the award of the North Carolina Industrial Commission, to said Commission for further hearing, before passing upon the award. Otherwise an injustice may be done, because of an inadvertence on the part of the Industrial Commission. SeeButts v. Montague Bros., 208 N.C. 186, 179 S.E. 799.
However where, as in the instant case, the Industrial Commission is directed by the court only to make specific findings as to matters which are manifestly immaterial, Conrad v. Foundry Co., 198 N.C. 723, *Page 359 153 S.E. 266, it is error for the judge to remand the proceeding to the Industrial Commission. The court should ordinarily consider and pass upon conclusions of law made by the Industrial Commission in support of its award, and accordingly affirm or reverse the award.
The order of the judge of the Superior Court in this case is reversed and set aside.
Error.