MRS. LAWRENCE GOWENS, Widow of LAWRENCE GOWENS, Deceased; MARY RUTH GOWENS, THEO GOWENS, ALFRED GOWENS, JUANITA GOWENS and CAROL GOWENS, Children, v. ALAMANCE COUNTY, H. J. STOCKARD, Sheriff of ALAMANCE COUNTY, and HARTFORD ACCIDENT & INDEMNITY COMPANY.

(Filed 15 June, 1938.)

**Master and Servant § 55g—Cause remanded for definite finding of fact as to whether accident arose out of deceased's employment as jailer.**

The Industrial Commission found that deceased suffered an injury by accident arising out of and in the course of his employment as deputy sheriff, or jailer, or as deputy sheriff-jailer. Upon appeal to the Supreme Court, the cause is remanded for a definite finding by the Commission sufficient to support an award.

---

NUTT CORP. *v.* R. R.

---

APPEAL by defendants from *Cowper, J.,* at 31 January, 1938, Civil Term, of ALAMANCE.

Proceeding under North Carolina Workmen's Compensation Act to determine liability of defendants to claimant.

From judgment awarding compensation, defendants appealed to Supreme Court, and assign error.

Long, Long & Barrett for plaintiffs, appellees.
Geo. D. Taylor and R. M. Robinson for defendants, appellants.

WINBORNE, J.   The record on appeal discloses these facts: Lawrence Gowens died in July, 1936, as the result of a gunshot wound inflicted by a person whom he was trying to arrest. At the time of his injury and death Gowens was employed by Alamance County in the capacity of jailer, with duties pertaining to such position. He was also deputy sheriff, under the defendant sheriff of Alamance County, with duties generally performed by deputies sheriffs. The defendants, Alamance County and sheriff of Alamance County, each carried a policy of compensation insurance with defendant Hartford Accident & Indemnity Company to cover compensation liability.

The findings of fact, conclusion of law and award of the Commissioner who heard the case were adopted by the Full Commission and affirmed on appeal to the Superior Court. Among others, the Commissioner makes this finding: "We are of the opinion, under all the evidence, that the deceased, either as a deputy sheriff or as jailer, or in the dual capacity of deputy sheriff jailer, suffered an injury by accident arising out of and in the course of his employment resulting in his death." Upon the facts of this case, this finding is insufficient to support an award. The finding must be specific. For proper determination of this controversy it is necessary that there be a finding of fact on this question: Did Lawrence Gowens suffer injury by accident arising out of and in the course of his employment as jailer? The cause will be remanded to the end that such finding of fact may be made and further proceeding had upon that basis.

Remanded.