NATH BLEVINS, EMPLOYEE, v. NELLO L. TEER, CONTRACTOR, EMPLOYER, AND STANDARD ACCIDENT INSURANCE COMPANY, CARRIER.

(Filed 8 October, 1941.)

**1. Master and Servant § 55d—**

The jurisdiction of the Superior Court on appeal from the Industrial Commission is limited to questions of law or legal inference, the findings of fact of the Industrial Commission being conclusive.

**2. Master and Servant § 55g—**

The Superior Court has no discretionary power to remand the cause to the Industrial Commission for further or more complete findings of fact when the award of the Commission is supported by findings of fact made upon competent evidence.

**3. Same: Master and Servant § 40g—When Commission finds upon supporting evidence that claimant did not sustain injury as result of accident, finding is conclusive and Superior Court may not remand cause.**

In this proceeding before the Industrial Commission plaintiff's evidence was to the effect that he felt a sharp pain while carrying a heavy load in the course of his employment. There was expert opinion evidence that claimant has tuberculosis of the spine and arthritis of the lumbar spine,

that the arthritis had existed prior to the accident, with no opinion as to the inception of the tuberculosis, with further medical expert testimony that the conditions were not the result of an accident, although they might have been aggravated by a quick jerk or definite strain. *Held:* The finding of the Industrial Commission upon the evidence that claimant did not sustain his injury as a result of an accident occurring in the course of his employment is conclusive, and judgment of the Superior Court remanding the cause for further or more complete findings of fact is reversed.

APPEAL by defendants from *Phillips, J.,* at August Term, 1941, of YANCEY.

This proceeding began before the North Carolina Industrial Commission, upon complaint of the plaintiff Blevins, employee, against the defendants Teer, employer, and the insurance company, carrier, for compensation which the plaintiff alleged to be due him for injuries sustained while in the employment of the defendant Teer.

He claims that he received his injury through accident while helping to carry one end of a heavy galvanized iron pipe along and down a mountainside, along with several other men. The evidence bearing upon the manner in which the injury was sustained may be summarized as follows:

Some time after plaintiff went into the employment of defendant Teer, he was engaged, with others, in carrying pipe lines across the highway, and was so engaged at the time of the alleged injury. The pipe line was of galvanized steel with a bed of tar on one side of it; plaintiff could not say how much the pipe weighed, but there were about eight men carrying it and he thought it weighed about one thousand pounds. He was holding one end of a stick passed under the pipe line, and the laborer on the other side was holding the other end, the stick bearing part of the load. They were undertaking to carry the pipe line down the mountain, and plaintiff's position was at the lower end, where the weight naturally fell.

Plaintiff experienced a little pain in the side of his back. Since that time, he complains that he has been "punishing"—hurting in his back all the while, and is not able to do any kind of work or to perform any kind of gainful labor. This was on 17 December, 1938, and the plaintiff appears to have filed his claim on 11 December of the next year.

Plaintiff further testified that he had not been able to perform any duties in connection with his former work, and did not return to work for Teer on the following day because he was unable to do so; that he paid little attention to it at the time, but was unable to get back next day, although he thought he would be able to work in a few days. Plaintiff testified that he was thirty-eight years of age and prior to this occurrence he had been able to do hard, laborious work, "most any kind

of work that comes along." He stated that he had not received any medical attention, except that Dr. Robertson had given him an examination. Plaintiff testified that he was not able to do any manual labor, spent most of the time in bed, that this condition did not exist prior to his injury. On cross-examination he stated that he did not remember saying anything to the people around him about being hurt, just went home; that the next time he went to a Nello Teer job was on 9 December, 1939, when he went back to report the accident; and that he had not been able to get about all this time, but thought that he might probably go back to work any day. He testified that he did not report the accident earlier because he thought that it would not amount to anything, but that it had; that he had waited almost a year to report the accident because he thought that he might be able to go back to work. He stated, however, that he had consulted many persons about his accident before he came to the lawyer, but did nothing about it.

Corroborative evidence as to the condition of claimant prior to the injury and after the injury was furnished by Waitz Blevins, his father, and by Arthur Patton.

Dr. Robertson testified that Blevins came to see him about 7 December, 1939, complaining of pain in his left testicle, and upon examination was found to have a varicocele and enlarged cord. Witness did not remember that Blevins made the complaint of pain in his back at that time. Witness stated that varicose veins might cause his back to hurt and give him the trouble complained of "on the stand." He stated that the condition he found was, in his opinion, not the result of any accident sustained in the manner claimed by plaintiff.

A second hearing was had before Hon. Pat Kimzey, Commissioner, in Asheville, on 12 November, 1940. This hearing appears to have been for the purpose of taking the testimony of Dr. James H. Cherry.

This witness, after qualifying as an expert, testified that he had made an examination of Blevins on 6 August, 1940, at which time he discovered that Blevins had two definite lesions in his spine, one of which had the characteristics of tuberculosis, and the other of osteoarthritis of the lumbar spine; in other words, he found that Blevins had tuberculosis of the spine and arthritis of the lumbar spine. He testified that in his opinion the arthritis had existed prior to the injury, but had no definite opinion with regard to the time when the tuberculosis set in. He expressed his opinion that neither condition was the result of the accident described by the plaintiff, nor the result of any strain received at that time. Upon a hypothetical question, witness stated that he had a definite opinion that the conditions he found were not caused by any such accident, but had no definite opinion as to whether they were aggravated

by it or not; he believed, however, that the conditions he found would get progressively worse. Witness thought that recovery from the conditions found by him was retarded for want of medical care. He thought that tuberculosis could be cured in a certain number of cases, but doubted whether the arthritis could ever be cured, although the symptoms might be helped or relieved. Witness further stated that he found a condition of varicocele in plaintiff's left testicle, and had no definite opinion whether such condition might be the result of an accident, as that was entirely out of his field. He found no evidence of rupture.

Witness stated that when he made his examination on 6 August, 1940, he found Blevins to be totally disabled. He thought that the disease could easily have been aggravated by the injury, but stated that he had never had it clearly in his mind as to how the injury did occur. He believed that any strain, if it had occurred, might have exaggerated the conditions both of tuberculosis and arthritis to some extent. Witness stated that any kind of quick jerk was likely to exaggerate the arthritis. He thought that the tuberculosis presented an old lesion, that the conditions might have been aggravated by a definite injury, a quick jerk, a definite strain. The plaintiff introduced a letter written by this witness, couched in technical terms, showing various pathological conditions, including the tubercular and arthritic conditions to which he testified, and stating the impression, "Apparently the disease was present previous to the injury, but could have been easily aggravated by the injury." He further stated that at that time the man was totally disabled and should have prompt medical attention.

The conclusion of the hearing Commissioner proving adverse to claimant, he obtained a hearing before the Full Commission. The Full Commission, upon all the evidence, found that the claimant did not sustain his injury as the result of an accident sustained in the course of his employment, and denied compensation. From the judgment of the Commission, denying such compensation, plaintiff appealed to the Superior Court of Yancey County. Upon the hearing in the Superior Court the following judgment was entered:

"This cause coming on to be heard and being heard at this the August Term, 1941, of the Superior Court of Yancey County, North Carolina, before his Honor, F. Donald Phillips, Judge presiding and holding said court according to law, upon the appeal of the plaintiff from the award of the Industrial Commission entered in this cause of date of February 28, 1941, and upon the transcript of the record and testimony made and taken before the North Carolina Industrial Commission and upon argument of counsel for plaintiff and defendants:

"IT IS ORDERED AND ADJUDGED by the court in its discretion that this cause be remanded to the North Carolina Industrial Commission for further and more complete findings of fact.

"This the 14th day of August, 1941.

"F. DONALD PHILLIPS,
"Judge Presiding."

From this the defendant appealed.

*Charles Hutchins for plaintiff, appellee.*
*Heazel, Shuford & Hartshorn for defendant, appellant.*

SEAWELL, J.   The judgment from which appeal is taken was no doubt rendered by the court below under a momentary misapprehension of its power. We do not know of any situation that would justify an appellate judge in remanding the proceeding to the Industrial Commission as a matter of pure discretion "for further or more complete findings of fact" where the award or final order of the Commission is in accordance with its findings of fact made upon competent evidence.

An appeal from an order or award of the Industrial Commission to the Superior Court is only upon matters of law or legal inference. Chapter 120, sec. 60, Public Laws of 1929; *Perkins v. Sprott,* 207 N. C., 462, 463, 177 S. E., 404, 405; *Byrd v. Lumber Co.,* 207 N. C., 253, 255, 176 S. E., 572, 573. The same section provides that the award of the Commission "shall be conclusive and binding as to all questions of fact." *Reed v. Lavender Bros.,* 206 N. C., 898, 175 S. E., 927; *Smith v. Hauser & Co.,* 206 N. C., 562, 174 S. E., 455; *Winberry v. Farley Stores, Inc.,* 204 N. C., 79, 167 S. E., 475.

The cases cited in appellee's brief in support of his contention, *Byrd v. Lumber Co., supra,* and *Butts v. Montague Bros.,* 208 N. C., 186, 179 S. E., 799, bear upon the power of the court to remand a case to the Industrial Commission because of newly discovered evidence. Certainly there are many instances in which the appellate judge might remand a case, and a number of such instances are cited in defendant-appellant's brief : *Farmer v. Bemis Lumber Co.,* 217 N. C., 158, 7 S. E. (2d), 376; *Bank v. Motor Co.,* 216 N. C., 432, 5 S. E. (2d), 318; *Tindall v. Furniture Co.,* 216 N. C., 306, 4 S. E. (2d), 894; *Thompson v. Funeral Home,* 208 N. C., 178, 179 S. E., 801; *Perkins v. Sprott Bros., supra; Butts v. Montague Bros.,* 204 N. C., 389, 168 S. E., 215. The list is no doubt incomplete, but we are sure that no investigation will disclose a precedent for the order in the case at bar. *Buchanan v. Highway Commission,* 217 N. C., 173, 7 S. E. (2d), 382; *Rankin v. Mfg. Co.,* 212 N. C., 357, 193 S. E., 389; *McNeill v. Construction Co.,* 216 N. C., 744, 6 S. E. (2d), 491. It is true that this Court has held that a sudden and

unexpected disruption or breaking of the internal tissues caused by a strain may,. under qualifying conditions, be compensable as caused by accident arising out of the employment and in its course. *Smith v. Creamery Co.,* 217 N. C., 468, 8 S. E. (2d), 231; *cf. Moore v. Sales Co.,* 214 N. C., 424, 199 S. E., 605. But the Commission, having before them the very full evidence on this point which we have quoted, did not find any lesion attributable to either external or internal accident, or, in fact, any accident at all which might have contributed to plaintiff's condition, but seem rather to have attributed this condition to other causes. *Davis v. Mecklenburg County,* 214 N. C., 469, 199 S. E., 604; *Early v. Basnight & Co.,* 214 N. C., 103, 198 S. E., 577; *Buchanan v. Highway Commission, supra.*

The condition of the plaintiff is such as to arouse the profoundest sympathy and pity. In his frail body, ravaged by dread tuberculosis and stiffened by incurable arthritis, he exemplifies the mystery and pathos of human suffering. His absence from the doctor's office may have been a matter of necessity rather than choice, since malnutrition is listed as one of his afflictions, and he sues here as a pauper. But the Commission has found the situation lacking in those conditions which would justify attaching responsibility to the defendant, and has made its award accordingly. The award is supported by competent evidence, is without legal error, and should have been affirmed. *McNeill v. Construction Co., supra.*

Judgment in the Superior Court will be entered in accordance with this opinion. The judgment of the Superior Court involved in this appeal is

Reversed.