MRS. JUANITA THOMASON, WIDOW; JAMES R. THOMASON, JR.; ROBERT GLENN THOMASON; PEGGY JOE THOMASON, MINOR CHILDREN OF JAMES REESE THOMASON, DECEASED, v. RED BIRD CAB COMPANY, INC., ST. PAUL MERCURY & INDEMNITY COMPANY.

(Filed 21 May, 1952.)

**1. Master and Servant § 45—**

The Industrial Commission has exclusive original jurisdiction of all Workmen's Compensation proceedings and is the sole fact finding agency in such cases. G.S. 97-84.

**2. Master and Servant § 55d—**

The Superior Court has appellate jurisdiction to review an award of the Industrial Commission only for errors of law, and the findings of fact of the Industrial Commission are conclusive upon it when supported by evidence, G.S. 97-86, and may be reviewed solely to determine whether there was any competent evidence before the Commission to support them and whether the findings justify the Commission's legal conclusions and decision.

**3. Same: Master and Servant § 52—**

The findings of fact of the Industrial Commission must be sufficiently positive and specific to enable the court on appeal to determine whether they are supported by the evidence and whether the law has been properly applied to them, and when the commission fails to find the determinative facts, the cause is properly remanded.

**4. Same—Cause held properly remanded to the Industrial Commission for specific findings of the determinative facts.**

Where there is evidence that the deceased employee turned aside from his employment for the purpose of going on a drunken frolic with another, and that the accident causing his death was due to the negligence of such other who was driving the cab in violation of a rule of the employer, general findings or conclusions that the accident was not occasioned by the employee's intoxication and that the employee died as a result of an accident arising out of and in the course of his employment, without any specific findings from the evidence as to the crucial facts upon which the claim depends, are insufficient to enable the court properly to review the award for error of law, and the cause is properly remanded for specific findings of the determinative facts.

APPEAL by plaintiffs from *Pless, J.,* at February Term, 1952, of DAVIDSON.

Proceeding under the North Carolina Workmen's Compensation Act in which the plaintiffs, as the widow and children of James Reese Thomason, a deceased employee, seek death benefits from an employer, Red Bird Cab Company, Inc., and its insurance carrier, St. Paul Mercury and Indemnity Company, for a death allegedly resulting from an injury by accident arising out of and in the course of his employment.

The deceased was employed to drive a taxicab owned by the defendant, the Red Bird Cab Company. He and a companion, Coley Story, met instant deaths about daybreak on 15 August, 1950, at a point on United States Highway No. 29 nine miles south of Lexington, North Carolina, when the taxicab, which was proceeding northward, collided with a southbound tractor-trailer combination owned by the McLean Trucking Company.

The defendants denied liability for the benefits sought by the plaintiffs on the ground that the death of the deceased did not result from an injury by accident arising out of and in the course of his employment. In addition to denying the validity of the plaintiffs' claim, they pleaded as an affirmative defense that the death of Thomason was occasioned by his own intoxication. G.S. 97-12.

The testimony presented by the parties before the Hearing Commissioner had a strong tendency to establish these propositions: That the deceased turned aside from his employment at 3:15 o'clock on the morning of 15 August, 1950, for the purpose of going on a drunken frolic with Coley Story, and did not bring himself back into the line of his employment at any time before his tragic death, which happened two hours later. That the deceased and Story became intoxicated shortly after the former's departure from his employment, and continued in that state until the fatal collision. That despite a rule of his employer prohibiting such action, the deceased entrusted the operation of the taxicab to Story. That

as the northbound taxicab and the southbound tractor-trailer combination were about to meet and pass, Story suddenly and drunkenly swerved the taxicab onto his left side of the highway and into the pathway of the oncoming tractor-trailer combination, thus causing the fatal collision.

The defendants asked the Hearing Commissioner to make definite and detailed findings of fact in respect to these propositions. Instead of complying with this request, the Hearing Commissioner made these general findings on this phase of the case: (1) That "we have no way of knowing what transpired . . . between 3:15 A.M. . . . and approximately 5:00 o'clock A.M., when the fatal wreck occurred." (2) That "the cause of the collision remains unexplained." (3) That "the death of James Reese Thomason was the direct . . . result of an injury by accident arising out of and in the course of his employment by the defendant employer." (4) That "the death of James Reese Thomason was not occasioned by . . . (his) . . . intoxication." The Hearing Commissioner concluded as a matter of law on the basis of these general findings that the plaintiffs are entitled to the death benefits sought by them, and made an award accordingly.

The defendants appealed this award to the Full Commission. A majority of the members of that body rendered a judgment over the dissent of their chairman whereby they adopted as their own "the findings of fact and conclusions of law of the Hearing Commissioner" and affirmed the award made by him. The defendants thereupon appealed from the Full Commission to the Superior Court.

When the proceeding came on for hearing in the Superior Court, Judge Pless entered an order upon motion of the defendants remanding the cause to the Full Commission with directions that it make a specific finding of fact as to who was driving the taxicab at the time of the collision, and that it clarify its findings of fact and conclusions of law in certain other respects. The plaintiffs thereupon appealed to the Supreme Court, assigning the order of remand as error.

*Philip R. Craver for plaintiffs, appellants.*
*Don A. Walser for defendants, appellees.*

ERVIN, J. The North Carolina Workmen's Compensation Act clearly demarcates the respective functions of the Industrial Commission and the courts in proceedings coming within the purview of the act.

The Industrial Commission has exclusive original jurisdiction of all workmen's compensation proceedings. *Cooke v. Gillis,* 218 N.C. 726, 12 S.E. 2d 250; *Hedgepeth v. Casualty Co.,* 209 N.C. 45, 182 S.E. 704; *Francis v. Wood Turning Co.,* 204 N.C. 701, 169 S.E. 654. It hears the evidence of the parties, and determines the questions at issue between

them. It is required to embody its determination in a written award containing a statement of its findings of fact, its rulings of law, and all other matters pertinent to the questions at issue. G.S. 97-84. The findings of fact of the Industrial Commission are conclusive and binding upon the courts if they are supported by competent evidence. G.S. 97-86; *Withers v. Black,* 230 N.C. 428, 53 S.E. 2d 668.

The Superior Court has appellate jurisdiction to review an award of the Industrial Commission for errors of law when a party to the proceeding in which the award is made appeals to it. G.S. 97-86; *Smith v. Paper Co.,* 226 N.C. 47, 36 S.E. 2d 730; *Fox v. Mills, Inc.,* 225 N.C. 580, 35 S.E. 2d 869; *Winslow v. Carolina Conference Association,* 211 N.C. 571, 191 S.E. 408; *Byrd v. Lumber Co.,* 207 N.C. 253, 176 S.E. 572. An appeal lies to the Supreme Court from the judgment entered by the Superior Court on its review of the award of the Industrial Commission.

In passing upon an appeal from an award of the Industrial Commission in a proceeding coming within the purview of the act, the Superior Court is limited in its inquiry to these two questions of law: (1) Whether or not there was any competent evidence before the commission to support its findings of fact; and (2) whether or not the findings of fact of the commission justify its legal conclusions and decision. *Henry v. Leather Co.,* 231 N.C. 477, 57 S.E. 2d 760. The Superior Court cannot consider the evidence in the proceeding in any event for the purpose of finding the facts for itself. *Reed v. Lavender Bros.,* 206 N.C. 898, 172 S.E. 877; *Ussery v. Cotton Mills,* 201 N.C. 688, 161 S.E. 307. If the findings of fact of the Industrial Commission are supported by competent evidence and are determinative of all the questions at issue in the proceeding, the court must accept such findings as final truth, and merely determine whether or not they justify the legal conclusions and decision of the commission. *Blevins v. Teer,* 220 N.C. 135, 16 S.E. 2d 659; *Rankin v. Mfg. Co.,* 212 N.C. 357, 193 S.E. 389. But if the findings of fact of the Industrial Commission are insufficient to enable the court to determine the rights of the parties upon the matters in controversy, the proceeding must be remanded to the commission for proper findings. *Young v. Whitehall Co.,* 229 N.C. 360, 49 S.E. 2d 797; *Cook v. Lumber Co.,* 217 N.C. 161, 7 S.E. 2d 378; *Farmer v. Lumber Co.,* 217 N.C. 158, 7 S.E. 2d 376; *Gowens v. Alamance County,* 214 N.C. 18, 197 S.E. 538; *Singleton v. Laundry Co.,* 213 N.C. 32, 195 S.E. 34.

It is impossible to exaggerate how essential the proper exercise of the fact-finding authority of the Industrial Commission is to the due administration of the Workmen's Compensation Act. The findings of fact of the Industrial Commission should tell the full story of the event giving rise to the claim for compensation. They must be sufficiently positive and specific to enable the court on appeal to determine whether they are

supported by the evidence and whether the law has been properly applied to them. It is obvious that the court cannot ascertain whether the findings of fact are supported by the evidence unless the Industrial Commission reveals with at least a fair degree of positiveness what facts it finds. It is likewise plain that the court cannot decide whether the conclusions of law and the decision of the Industrial Commission rightly recognize and effectively enforce the rights of the parties upon the matters in controversy if the Industrial Commission fails to make specific findings as to each material fact upon which those rights depend.

When the record before us is laid alongside these rules, it is manifest that the supposed findings of fact in the instant proceeding are not sufficiently positive and specific to enable the court to judge the propriety of the award. They consist in large measure of recitals of evidence, and argumentative comment thereon. They contain no definite determination as to what the deceased was doing at the time of his fatal injury, or as to any of the other crucial facts upon which the claim to death benefits and the defense to such claim depend. A factual basis for the award under review is not supplied by the general findings that "the death of James Reese Thomason was not occasioned by his intoxication," and that "the death of James Reese Thomason was the direct result of an injury by accident arising out of and in the course of his employment by the defendant employer." *Gowens v. Alamance County, supra.* Under the evidence in this proceeding, these indefinite findings constituted mere conclusions, and not findings of fact. *Singleton v. Laundry Co., supra.* In addition, the conclusion that "the death of James Reese Thomason was not occasioned by his intoxication" is destroyed by the antagonistic finding that "the cause of the collision remains unexplained," and the conclusion that "the death of James Reese Thomason was the direct result of an injury by accident arising out of and in the course of his employment by the defendant employer" is nullified by the contradictory finding that "we have no way of knowing what transpired between 3 :15 A.M. . . . and approximately 5 :00 o'clock A.M., when the fatal wreck occurred."

For the reasons given, the proceeding was rightly remanded to the Industrial Commission. The order of remand is

Affirmed.