PAT PENLAND, EMPLOYEE, v. BIRD COAL COMPANY, INC., EMPLOYER, AND AMERICAN FIRE & CASUALTY COMPANY, CARRIER.

(Filed 10 April, 1957.)

**1. Master and Servant § 55d—**

The findings of fact of the Industrial Commission, if supported by any competent evidence, are conclusive on appeal even though some incompetent evidence may also have been admitted; but a finding not supported by competent evidence or a finding based on incompetent evidence, is not conclusive. G.S. 97-86.

**2. Evidence § 48—**

Ordinarily the opinion of a physician is not rendered inadmissible by the fact that it is based wholly or in part on statements made to him by the patient, if those statements are made in the course of professional treatment and with a view of effecting a cure, or during an examination made for the purpose of treatment and cure, the basis of the expert's opinion being pertinent on the question of probative force but not on the question of competency.

**3. Master and Servant § 40e—**

Testimony of claimant and of his expert witness to the effect that the injury received in the course of claimant's employment resulted in partial disability because of pain and increased susceptibility to fatigue when

PENLAND *v.* COAL CO.

performing manual labor, *held* sufficient to support a finding of partial temporary disability, and the admission of the expert that his opinion was based upon objective statements of claimant during his professional examination of claimant, does not render the expert testimony incompetent.

**4. Master and Servant § 53c—**

Where the record on appeal to the Superior Court from an award of the Industrial Commission does not disclose a previous award made to claimant, defendants' contention that the award appealed from cannot be sustained in the absence of a finding of change of condition, is untenable, G.S. 97-47 being applicable only when it is made to appear that a previous award had been made.

**5. Master and Servant § 55d—**

Review on appeal to the Superior Court from an award of the Industrial Commission is limited to the record as certified and questions of law presented by exceptions duly entered.

**6. Appeal and Error § 34—**

On appeal from a judgment of the Superior Court affirming or reversing an award of the Industrial Commission, review is limited to the record that was before the Superior Court, and matters which were not in the record before the Superior Court, but which are sent up with the transcript, are no more a part of the record in the Supreme Court than they were in the Superior Court, and may not be made so by certificate of the court below.

**7. Appeal and Error § 1—**

As a general rule, the Supreme Court will consider only such questions as were raised in the lower court, and the rule requiring adherence to the theory of trial in the lower court ordinarily precludes consideration on appeal of grounds of defense or opposition not asserted or relied on in the lower court.

APPEAL by plaintiff from *Sink, E. J.,* September, 1956, Special Term of BUNCOMBE.

Proceeding under the Workmen's Compensation Act to determine liability of defendant employer and its insurance carrier to plaintiff, former employee.

These are the findings of fact made by the hearing Commissioner:

"1. That on 27 January 1954 the claimant fell while at work as a truck driver for the defendant employer, thereby causing him to suffer a broken rib and a punctured lung; that he was thereafter hospitalized from the said date and was discharged from said hospital on 7 February 1954.

"2. That the claimant returned to work on 1 March 1954 and worked until 26 March 1954 when he voluntarily left the employment of his employer for reasons unconnected with his injury.

"3. That as a result of the accident giving rise hereto, the claimant now has a permanent partial disability of a general nature in the

amount of 15 to 20 per cent. (Note: The finding here of "permanent partial disability" instead of "temporary partial disability" is an obvious inadvertence. The error is immaterial in view of finding of fact number 5 and the Commission's award based on "temporary partial disability.")

"4. That on or about 4 June 1954 the claimant returned to his former employer and requested that he be rehired, however, as the defendant employer had no job available at the time, the request for re-employment was denied.

"5. That since 4 June 1954 because of the injury which he received as a result of the accident giving rise hereto, the claimant has been temporarily partially disabled and has been only able to earn an average weekly wage of $15.00 from said date to the date of the hearing in Asheville as above set forth."

At the hearing it was stipulated in the record that after the claimant was injured "the defendants . . . admitted liability and paid claimant compensation for temporary total disability from 27 January 1954 to 1 March 1954."

Based on the hearing Commissioner's findings, an award of compensation was made for temporary partial disability at the rate of $11.93 per week from 4 June, 1954, to the date of the hearing, and continuing for such additional period of time as the plaintiff's condition remains unchanged, not to exceed the maximum time and amount as provided by statute.

From the findings of the hearing Commissioner and the award based thereon, the defendants appealed to the Full Commission, and on appeal excepted to findings of fact numbers 3 and 5 and to all crucial conclusions of the hearing Commissioner.

The plaintiff testified in part: "They told me I had a broken rib and a punctured lung. . . . I worked for Bird Coal Company after my injury from the first of March until the 26th of March. It was the same heavy work. I quit because I was suffering, hurting in my right side. . . . it hurt more when I undertook to lift something. Since that time it bothers me every day. . . . The harder I work the worse it hurts. . . . I am not able to go out and do physical labor. When I undertake to do it, it hurts so bad I can't stand it in my right side. . . . the suffering and pain that I complain of when I undertake to do work is the same side that was injured. My breathing is not as good as before, and it hurts when I breathe deep. When I sneeze and cough that hurts. When I try to lift my arms it pulls in there or something hurts. . . . I do not feel that I can go and do a job of common work steady. . . . that is by reason of my injuries. . . . Other than the two weeks work I did for Bird Coal Company since I was injured, I have done a few little jobs, . . . I farmed a little a few days. . . . Really I

don't know what I have earned since I quit work." CROSS-EXAMINATION: "I have been working a little bit and if I do anything I am tired. . . . I haven't worked any to amount to anything. . . . some weeks I didn't work, didn't do anything. . . . I have not been able to make on an average of $15.00 or $20.00 a week in the last year . . . I have a Ford truck, pickup. I haul a load or two. . . . they pay me, whatever they want to give me, my neighbors. . . . When I was working on March 26th, . . . it hurt bad enough until I didn't work. There was pain in there. It pained as much then as it does now; it pained when I worked; worse when I worked. . . . I went to see Dr. Galloway because I was hurting, my side was hurting; he examined me and told me to try it a few more days, see if it would work out; I went back to see Dr. Galloway three or four times, . . . When the company went to pay my last compensation, and came to see me three times, I was in a condition to sign the closing receipt; I wasn't ready to sign it. . . . I was still hurting at that time. As to whether I signed the closing receipt and took the final check, I signed something. . . . (Mr. Roberts shows Mr. Penland Form #27.) It looks like my signature. I don't deny that it looks like it. I believe at that time they gave me a check, my last check when I signed that. . . . As to my condition now being the same as it was when I left Bird Coal Company on the 26th of March, . . . it isn't better; I can't say that it is any worse. I didn't put in my claim earlier because I was trying to work it out."

Dr. J. P. Chapman, Jr., an admitted medical expert specializing in surgery, testified for the plaintiff: that in March, 1955, the plaintiff was referred to him by another physician for treatment of his chest condition; that the case history as given him by the plaintiff disclosed a fractured rib and punctured lung in January, 1954, followed by persistent aching pains in the region of his eighth rib, getting worse with hard work; that he had no history of any other injury. Dr. Chapman testified that in examining plaintiff he tested him "on his quickness of motion on the affected side," for "coordination or awkwardness, strength or weakness . . ." He also tested him on his "ability to reach and stretch"; that he found "a delay in the quickness of his movements caused by the pain produced when he moves," amounting to "a functional disability." Dr. Chapman stated that in his opinion the plaintiff has a disability of a general nature of 25 per cent. This, he qualified by stating on cross-examination that "15 per cent would be roughly a fair estimate . . . an injury such as was received by this claimant would leave some impairment as to his physical condition." Dr. Chapman later saw the plaintiff on April 7 and 18, 1955. The treatment consisted of "salicylates and salimeth which is a muscular relaxant" and a rib belt as support. The belt "helped as long as he was not doing heavy work. When he increased his work or tried to do heavy work

so that his respiration and motion in his chest became greater, even the belt did not help. . . . he gets worse when he works hard. . . . It would be my opinion that whatever I found in March and April of this year (1955) would have been present during most of February, March and April of 1954." CROSS-EXAMINATION: "My examination disclosed a negative physical finding of any illness. . . . He is able to work. . . . The man gets tired easily; he has pain in his chest and the more he works at hard work, which is manual labor, the more the pain is; he has considerable fatigue; that is what he told me; I found no objective symptoms; all findings that I have are based on subjective statements made by the claimant . . . As a result of my examinations, there was no physical cause of disability, nor x-ray cause of disability—none deemable."

All the defendants' exceptions were overruled by the Full Commission, and the findings and conclusions of the hearing Commissioner were affirmed.

The defendants appealed to the Superior Court, noting exceptions to all rulings of the Full Commission in affirming the crucial findings and conclusions of the hearing Commissioner.

When the case came on for hearing in the Superior Court, Judge Sink entered judgment sustaining each of the defendants' exceptions, and on the basis of such rulings decreed that the opinion and award of the Full Commission be reversed and set aside.

The plaintiff excepted to the judgment as entered and appealed to this Court.

*W. W. Candler and Cecil C. Jackson for plaintiff, appellant.*
*Meekins, Packer & Roberts for defendants, appellees.*

JOHNSON, J. Decision here turns on whether there is competent evidence to support the Industrial Commission's findings that the plaintiff has suffered temporary disability and partial loss of earning capacity as set out in findings of fact numbers 3 and 5.

Under the Workmen's Compensation Act the Industrial Commission has the exclusive duty and authority to find the facts relative to controverted claims, and its findings of fact, except with respect to jurisdictional findings (*Aycock v. Cooper,* 202 N.C. 500, 163 S.E. 569), are conclusive on appeal, both to the Superior Court and in the Supreme Court, when supported by any competent evidence. G.S. 97-86. *Thomason v. Red Bird Cab Co.,* 235 N.C. 602, 70 S.E. 2d 706.

Findings not supported by competent evidence are not conclusive and will be set aside on appeal. *Logan v. Johnson,* 218 N.C. 200, 10 S.E. 2d 653. The rule is that the evidence must be legally competent; and a finding based on incompetent evidence is not conclusive. *Plyler*

*v. Charlotte Country Club,* 214 N.C. 453, 199 S.E. 622. However, where an essential fact found by the Industrial Commission is supported by competent evidence, the finding is conclusive on appeal, even though some incompetent evidence was also admitted at the hearing. *Carlton v. Bernhardt-Seagle Co.,* 210 N.C. 655, 188 S.E. 77.

The defendants in their brief concede that the direct testimony of Dr. Chapman, "standing alone, if competent, would support an award." However, the defendants contend that Dr. Chapman's opinions as to plaintiff's alleged disability should be disregarded and treated as incompetent evidence in view of the witness' admissions made on cross-examination to the effect that the testimony was based upon "subjective statements made by the claimant."

As to this contention, the rule is that ordinarily the opinion of a physician is not rendered inadmissible by the fact that it is based wholly or in part on statements made to him by the patient, if those statements are made, as in the instant case, in the course of professional treatment and with a view of effecting a cure, or during an examination made for the purpose of treatment and cure. "In such cases statements of an injured or diseased person, while not admissible as evidence of the facts stated, may be testified to by the physician to show the basis of his opinion." 20 Am. Jur., Evidence, Sec. 866, p. 729; Annotation: 65 A.L.R. 1217, p. 1223 *et seq.* See also: Annotations: 67 A.L.R. 10, 11, 18; 80 A.L.R. 1527; 130 A.L.R. 977; Wigmore on Evidence, Third Ed., Sections 688, 1718, and 1720; Rogers on Expert Testimony, Third Ed., Section 131, p. 301 *et seq.;* McCormick on Evidence (Hornbook), Sec. 266; *Bryant v. Construction Co.,* 197 N.C. 639, 150 S.E. 122, and cases there cited; *Martin v. P. H. Hanes Knitting Co.,* 189 N.C. 644, 127 S.E. 688.

It may be conceded that the probative force of Dr. Chapman's testimony in chief was materially weakened by the admissions made by him on cross-examination. Nevertheless, when considered in the light of the foregoing principles of law, the opinions given by him were admissible. His testimony and that of the plaintiff contains ample competent evidence to support the crucial findings of fact made by the Industrial Commission. The court below erred in sustaining the defendants' exceptions to findings of fact numbers 3 and 5.

The defendants make the further contention that the judgment below reversing the award of the Industrial Commission should be upheld on another ground, namely, that the award is not supported by a finding that plaintiff's condition underwent a change within the meaning of G.S. 97-47. The defendants point to the failure of the Commission to find that the plaintiff's condition changed for the worse after he returned to work on 1 March, 1954, and assert that the award should stand reversed because of this omission. The contention is not sup-

ported by the record. The statute, G.S. 97-47, on which the defendants rely provides for "review of any award" on the ground of a changed condition. Therefore the statute has no application except where it is made to appear that a previous award has been made by the Industrial Commission.

In the instant case, the record before the Superior Court discloses no previous award of the Industrial Commission, but rather that the plaintiff's claim was determined by the hearing Commissioner on the theory that the claim was one for an award of first impression. At the hearing it was stipulated by the defendants that they paid plaintiff for total disability from the time of the injury until he returned to work 1 March, 1954. With the facts in respect to previous payment of compensation so disposed of by stipulation, the hearing Commissioner closed the hearing by dictating into the record the gist of the stipulation of the parties, to the effect that after the plaintiff's injury the defendants "admitted liability and paid claimant for temporary total disability from 27 January 1954 to 1 March 1954." And in making up his findings of fact, the hearing Commissioner made no reference to the previous payment of compensation, nor to whether there was a previous award or whether there was a change of condition after the plaintiff returned to work. The crucial finding of the hearing Commissioner on which the award was made is that as a result of the accident the plaintiff has been temporarily partially disabled since 4 June, 1954 and only able to earn an average weekly wage of $15.00.

On appeal to the Full Commission the defendants by exceptions numbers 5, 6, and 7 challenged the findings and award (1) for failure of the plaintiff to prove a change of condition for the worse after returning to work, and (2) for want of a finding by the hearing Commissioner of any such changed condition. These exceptions, and also all others made by the defendants, were overruled by the Full Commission, and the findings, conclusions and award of the hearing Commissioner were affirmed. All exceptions relating to failure of the Commission to find a changed condition were abandoned and not carried forward on the defendants' appeal to the Superior Court. Moreover, the record on appeal to the Superior Court nowhere discloses any previous award made by the Industrial Commission. Thus the question whether the plaintiff's condition had undergone a change within the purview of G.S. 97-47 was not presented for review before the Superior Court. The defendants' appeal was heard and determined in the Superior Court, as before the hearing Commissioner, upon the theory that the challenged award was one of first impression.

The record as certified to this Court by the Superior Court includes documents which disclose for the first time that an order in the nature of an award may have been made by the Industrial Commission ap-

proving a settlement between the plaintiff and the defendants. The first of these documents is an uncaptioned order or award of the Commission. It recites the filing by the "above parties" (but nowhere are the names of the parties shown) of an agreement for compensation for disability on I. C. Form No. 21 (26) for approval. The order recites approval of the agreement as "a formal award of the Industrial Commission." However, the agreement is not attached and none of its terms are disclosed, except a recital that claimant is "due compensation at the rate of $22.48 per week, payable weekly, beginning February 4, 1954." The other document added to the record on appeal to this Court is a "closing receipt" signed by the plaintiff Penland on 3 May, 1954. It acknowledges receipt of compensation payments totalling $102.76 as compensation for injuries sustained on 27 January, 1954, and recites that payments stop upon execution of the receipt, but that if claimant's condition changes for the worse, further compensation may be claimed by notifying the Industrial Commission within one year from 3 May, 1954. This receipt purports to have been filed with the Industrial Commission 14 May, 1954, but no formal approval by the Commission is shown.

Even if the foregoing documents had been included in the record before the Superior Court, it may be doubted, because of their fragmentary character and incompleteness, that they are sufficient to have presented for review the question of changed condition within the meaning of G.S. 97-47. Especially is this so in view of the defendants' failure to carry forward to the Superior Court their exceptions directed to the question of changed condition. But conceding *arguendo* the sufficiency of the documents, this procedural question arises: May the defendants claim the benefit of matters in the record on appeal to this Court which were not in the record on appeal to the Superior Court, and on the basis of such matters reassert in this Court a defense which on exceptions duly noted was first asserted before the Full Commission but thereafter abandoned and not carried forward on appeal to the Superior Court? A negative answer would seem to be required under application of these established principles of procedural law:

When an appeal is taken from the Industrial Commission, the statute, G.S. 97-86, requires that a certified transcript of the record before the Commission be filed in the Superior Court. *Anderson v. Heating Co.,* 238 N.C. 138, 76 S.E. 2d 458. When the appeal comes on for hearing, it is heard by the presiding judge who sits as an appellate court. His function is to review alleged errors of law made by the Industrial Commission, as disclosed by the record and as presented to him by exceptions duly entered. Necessarily, the scope of review is limited to the record as certified by the Commission and to the questions of law therein presented. *Worsley v. Rendering Co.,* 239 N.C. 547, 80 S.E. 2d 467.

On appeal from a judgment of the Superior Court affirming or reversing an award of the Industrial Commission, the Supreme Court acts upon the record that was before the Superior Court, and upon that alone, and if the record was defective, it should have been amended in the Superior Court. The Supreme Court can judicially know only what appears in the record which was before the Superior Court. See *Lewter v. Enterprises, Inc.*, 240 N.C. 399, 82 S.E. 2d 410; *Baker v. Varser*, 240 N.C. 260, 82 S.E. 2d 90; *Glace v. Throwing Co.*, 239 N.C. 668, 80 S.E. 2d 759; *Utilities Commission v. Ray*, 236 N.C. 692, 73 S.E. 2d 870. Accordingly, matters which were not in the record before the Superior Court, but which are sent up with the transcript to the Supreme Court, are no more a part of the record in the Supreme Court than they were in the Superior Court, and may not be made so by certificate of the court below.

Moreover, the general rule obtains with us that an appellate court will consider only such questions as were raised in the lower court. *Greene v. Spivey*, 236 N.C. 435, 73 S.E. 2d 488. And the rule requiring adherence to the theory pursued below operates ordinarily to preclude the consideration, on appeal to the Supreme Court, of grounds of defense or opposition not asserted or relied on in the lower court. *Collier v. Mills*, 245 N.C. 200, 95 S.E. 2d 529; *Paul v. Neece*, 244 N.C. 565, 94 S.E. 2d 596; *Lyda v. Marion*, 239 N.C. 265, 79 S.E. 2d 726; *Leggett v. College*, 234 N.C. 595, 68 S.E. 2d 263.

It·thus appears that the record here does not present for decision the question whether the award made by the Industrial Commission should stand reversed for want of a finding that the plaintiff's condition underwent a change within the meaning of G.S. 97-47. Even so, it may be doubted that the plaintiff's claim is subject to overthrow by application of this statute on a merit basis. See *Smith v. Red Cross*, 245 N.C. 116, at p. 122, 95 S.E. 2d 559, at p. 563.

The judgment of the Superior Court setting aside the award of the Industrial Commission is

Reversed.