105 S.E.2d 439 (1958)
249 N.C. 74
Mattle Robinson BRICE, Widow, Alice Bush Brice, Widow, Emma Lee Brice, Widow, Willie Brice, Elizabeth Brice, David Brice, Jr., Samuel Brice, James T. Brice and Dorothy Lee Brice, Children of David Brice, deceased, Employee,
v.
ROBERTSON HOUSE MOVING, WRECKING AND SALVAGE COMPANY, Employer, Bituminous Casualty Corporation, Carrier.
No. 234.
Supreme Court of North Carolina.
October 29, 1958.
*444 Atty. Gen. Malcolm B. Seawell, Asst. Atty. Gen. Ralph Moody, for petitioners appellants.
Elbert E. Foster, Charles M. Welling, Charlotte, for respondents appellees.
WINBORNE, Chief Justice.
The Constitution of North Carolina, Article IV, Section 8, declares in pertinent part that "The Supreme Court * * * shall have the power to issue any remedial writs necessary to give it a general supervision and control over the proceedings of the inferior courts." This provision has been invoked in many decisions of the Court, among which are: State v. Cochran, 230 N.C. 523, 53 S.E.2d 663, and *445 Park Terrace, Inc., v. Phoenix Indemnity Co., 243 N.C. 595, 91 S.E.2d 584, 586.
In the Park Terrace case, supra, it is said: "This Court has general supervisory authority over the orders, judgments, and decrees of the Superior Courts of the State * * * This is a prerogative which in a proper case, when necessary to promote the expeditious administration of justice, we will not hesitate to exercise."
The North Carolina Industrial Commission, created under G.S. § 97-77, is primarily an administrative agency of the State charged with the duty of administering the provisions of the Workmen's Compensation Act, Chapter 97 of General Statutes. Hanks v. Southern Public Utilities Co., 210 N.C. 312, 186 S.E. 252.
In the event of disagreement, the Commission is to make award after hearing. G.S. § 97-83.
The Commission or any of its members shall hear the parties and their representatives and witnesses, on matters at issue, and shall determine the dispute in a summary manner.
The award, together with a statement of the findings of fact, rulings of law, and other matters pertinent to the question at issue shall be filed with the record of the proceedings. G.S. § 97-84. Under this section the Commission is made the fact finding body. The finding of facts is one of its primary duties. Beach v. McLean, 219 N.C. 521, 14 S.E.2d 515.
Either party to the dispute may appeal from the decision of the Commission to the Superior Court "for errors of law". G.S. § 97-86. And the Superior Court on such appeal has appellate jurisdiction to review an award of the Industrial Commission for errors of law. Thomason v. Red Bird Cab Co., 235 N.C. 602, 70 S.E.2d 706.
The findings of fact of the Industrial Commission are conclusive and binding on appeal when supported by competent evidence,even though there is evidence that would have supported a finding to the contrary. Tucker v. Lowdermilk, 233 N.C. 185, 63 S.E.2d 109; Penland v. Bird Coal Co., 246 N.C. 26, 97 S.E. 2d 432, 438.
The procedure prescribed for hearing on appeal is summarized in Penland v. Bird Coal Co., supra, in this manner: "When an appeal is taken from the Industrial Commission, the statute, G.S. § 97-86, requires that a certified transcript of the record before the Commission be filed in the Superior Court (citing case). When the appeal comes on for hearing, it is heard by the presiding judge who sits as an appellate court. His function is to review alleged errors of law made by the Industrial Commission, as disclosed by the record and as presented to him by exceptions duly entered. Necessarily, the scope of review is limited to the record as certified by the Commission and to the questions of law therein presented"citing case.
And to the same effect this Court said in Thomason v. Red Bird Cab Co., supra [235 N.C. 602, 70 S.E.2d 708]: "In passing upon an appeal from an award of the industrial commission in a proceeding coming within the purview of the act, the superior court is limited in its inquiry to these two questions of law: (1) Whether or not there was any competent evidence before the commission to support its findings of fact; and (2) whether or not the findings of fact of the commission justify its legal conclusions and decision. Henry v. A. C. Laurence Leather Co., 231 N.C. 477, 57 S.E.2d 760. The superior court cannot consider the evidence in the proceeding in any event for the purpose of finding the facts for itself. Reed v. Lavender Bros., 206 N.C. 898, 172 S.E. 877; Ussery v. Erlanger Cotton Mills, 201 N.C. 688, 161 S.E. 307. If the findings of fact of the industrial commission are supported by competent evidence and are determinative of *446 all the questions at issue in the proceeding, the court must accept such findings as final truth, and merely determine whether or not they justify the legal conclusions and decision of the commission. Blevins v. Teer, 220 N.C. 135, 16 S.E. 2d 659; Rankin v. Brown Mfg. Co., 212 N.C. 357, 193 S.E. 389. But if the findings of fact of the industrial commission are insufficient to enable the court to determine the rights of the parties upon the matters in controversy, the proceeding must be remanded to the commission for proper findings. Young v. Whitehall Co., 229 N.C. 360, 49 S.E.2d 797; Cook v. Bemis Lumber Co., 217 N.C. 161, 7 S.E. 2d 378; Farmer v. Bemis Lumber Co., 217 N.C. 158, 7 S.E.2d 376; Gowens v. Alamance County, 214 N.C. 18, 197 S.E. 538; Singleton v. Durham Laundry Co., 213 N.C. 32, 195 S.E. 34."
Indeed, it is succinctly stated in Evans v. Tabor City Lbr. Co., 232 N.C. 111, 59 S.E.2d 612, 616, that "Neither this Court nor the Superior Court has the right to make an award pro or con upon the evidence which was submitted or which may be submitted before the Industrial Commission"citing cases.
In the light of these applicable principles, it is seen that the judgment in question is not in keeping with the practice and procedure in such case made and provided. Hence this Court is constrained to declare it null and void.
This is such a matter of public interest that the Supreme Court finds it necessary to exercise its supervisory jurisdictionto promote the expeditious administration of justice.
Finally it may be noted that while the claimant's attorneys set forth as one of the grounds for their appeal from award of the Industrial Commission that the "Hearing Commissioner and the Full Commission * * * arbitrarily and capriciously fixed a fee * * *" the Judge of Superior Court did not so hold. And the statute, G.S. § 97-90, requires that "fees for attorneys and physicians and charges of hospitals for services * * * under this article shall be subject to the approval of the Commission." And the word "approve" as used in decisions of this Court implies the exercise of discretion and judgment. Key v. Board of Education, 170 N.C. 123, 86 S.E. 1002; Harris v. Board of Education, 216 N.C. 147, 4 S.E.2d 328; Russ v. Woodard, 232 N.C. 36, 59 S.E.2d 351.
Indeed, Black's Law Dictionary defines it "`the act of approval' imports the act of passing judgment, the use of discretion and determination as a deduction therefrom."
The proceeding will be remanded to Superior Court for further orders in conformity with provisions of this opinion.
Error and remanded.
PARKER, J., not sitting.