McMurry v. Mills, Inc.

RUTH SIGMON McMURRY, MOTHER; ROBERT F. McMURRY, SR., FATHER; ROBERT F. McMURRY, JR., DEC'D. EMPLOYEE v. MOHICAN MILLS, INC., EMPLOYER; EMPIRE MUTUAL INSURANCE CO., CARRIER

No. 7127IC98

(Filed 28 April 1971)

Master and Servant § 79— workmen's compensation — dependency of parent — payments in lieu of board

> There was competent evidence to support the Industrial Commission's findings that any payments made by the insured employee to his mother were made in lieu of board and lodging and should not be considered in determining whether the mother was partially dependent upon the employee, and that no one was partially or wholly dependent upon the insured employee, and the Commission properly concluded that compensation benefits for death of the employee should be divided equally between the employee's divorced parents. G.S. 97-39.

APPEAL by femme plaintiff from opinion and award of the North Carolina Industrial Commissioner filed 21 September 1970.

This appeal arose out of a determination by Deputy Commissioner Thomas and then by the full Industrial Commission that both parents of the deceased son, who was covered by the Workmen's Compensation Act, were entitled to an equal share of the compensation award. Liability was stipulated by the compensation carrier and the sole question was whether the femme plaintiff (Mrs. McMurry) was "partially dependent" upon the insured employee and therefore entitled to the full award pursuant to G.S. 97-38(3).

Testimony was presented by both the mother and father (Mr. McMurry) which testimony was in conflict as to whether deceased partially supported his mother. Mr. and Mrs. McMurry had been legally separated and divorced for several years and deceased had been living with his mother prior to his death. Both she and her son worked and it was found as fact that deceased occasionally bought groceries and gave his mother money which constituted payments in lieu of board and lodging. The deputy commissioner found that no one was wholly or partially dependent upon the deceased for support, and concluded that the father and mother should share the compensation equally. Mrs. McMurry appealed to the full commission and

from its affirmation of the opinion and award of the deputy commissioner, she appealed to this court.

*Corne, Warlick & Pitts by Larry W. Pitts for plaintiff appellant, Ruth Sigmon McMurry.*

*Moose & Moose by Raymond R. Moose for plaintiff appellee, Robert F. McMurry, Sr.*

BRITT, Judge.

It is well settled that on appeal to the courts the findings of fact of the Industrial Commission are binding on the courts if competent evidence supports such findings. *Penland v. Coal Co.,* 246 N.C. 26, 97 S.E. 2d 432 (1957) ; *Blalock v. Durham,* 244 N.C. 208, 92 S.E. 2d 758 (1956) ; and, *Carlton v. Bernhardt-Seagle Co.,* 210 N.C. 655, 188 S.E. 77 (1936).

G.S. 97-39, one of the applicable statutes, states in pertinent part that:

A widow, a widower and/or a child shall be conclusively presumed to be wholly dependent for support upon the deceased employee. In all other cases questions of dependency, in whole or in part shall be determined in accordance with the facts as the facts may be at the time of the accident, *but no allowance shall be made for any payment made in lieu of board and lodging* or services, and no compensation shall be allowed unless the dependency existed for a period of three months or more prior to the accident. * * * (Emphasis added.)

There was sufficient competent evidence for the commission to find that any payments made to Mrs. McMurry were "made in lieu of board and lodging," which payments are not to be considered in determining whether Mrs. McMurry was dependent upon the insured. There was sufficient competent evidence for the commission to find that the amounts given to Mrs. McMurry were for the benefit of the deceased rather than her. Therefore, it was proper for the commission to find that no one was wholly or partially dependent upon the deceased, and to conclude that the compensation should be equally divided between Mr. and Mrs. McMurry. G.S. 97-40.

The order and award appealed from is

Affirmed.

Judges CAMPBELL and GRAHAM concur.