LESTER E. HUDSON, EMPLOYEE v. J. P. STEVENS AND COMPANY, EMPLOYER; AND LIBERTY MUTUAL INSURANCE CO., CARRIER

No. 7218IC397

(Filed 28 June 1972)

Master and Servant § 66— acid burns on left foot — amputation of right foot — cause

In this proceeding to recover workmen's compensation benefits for the loss of plaintiff's right foot, the evidence was sufficient to support findings by the Industrial Commission that plaintiff's right foot was not injured in an accident in which he received acid burns on his left foot, that the accident did not aggravate or accelerate

a pre-existing condition of the right foot so as to necessitate its amputation, and that the accident did not bring about additional weight-bearing on the right foot so as to contribute to the condition for which the foot was amputated.

APPEAL by employee from a decision of the North Carolina Industrial Commission filed 1 February 1972.

This proceeding has previously been before this Court and is reported in 12 N.C. App. 366, 183 S.E. 2d 296 (1971). On the previous occasion the matter was remanded to the Industrial Commission to make findings of fact determinative of all questions at issue.

Pursuant to that mandate the North Carolina Industrial Commission has made the following findings of fact:

"1. Lester E. Hudson (hereinafter 'the employee') on March 3, 1969, was forty-two years old and was working for this employer as a mechanic. As a part of his duties, the employee did general servicing of trucks and trailers, including the changing of tires and batteries. This employee had been working in the employment of J. P. Stevens & Company for some two to three weeks.

2. On March 3, 1969 the employee was filling a battery in a truck when some acid spilled from the battery and entered his left shoe, burning his left foot. No acid was spilled on his right foot or leg and his right foot was not injured in this accident. The employee immediately reported the incident to his superior, but continued to work the balance of the shift.

3. On March 8, 1969, Dr. Hugh T. Wallace saw and examined the employee at the High Point Memorial Hospital with a history that he stepped in some acid on March 3, 1969 while at work and burned his left foot. Examination at that time disclosed plaintiff was a diabetic and had first and second degree burns of the left foot. He made no complaint of trouble with the right foot and for this reason, the right foot was not examined.

4. Dr. T. L. Canipe, an expert in general and thoracic surgery, saw and examined the employee for the first time on March 24, 1969 when he was referred to him by Dr. Wallace. The employee gave Dr. Canipe a history that a

battery had burst and acid had burned his left foot. This physician removed some of the dead tissue on the left foot and instructed him in home soaks and advised him to return to work on May 1, 1969. Dr. Canipe did not treat the employee's right foot, since he was not complaining of that foot and gave him no history of the right foot involvement.

5. The employee on June 2, 1969 was seen and examined by Dr. Robert Ruscoe, IV, an expert podiatrist. At that time he was complaining of painful infected areas on the bottom of both feet with ulceration and cellulitis of the right foot. The employee gave this physician a history of acid burns on the left foot, diabetes, and difficulty with the right foot which he had had for some time which would not heal. The right foot had a congenital type of high arch which exerted pressure on the ulcerated areas.

6. On March 17, 1970 the employee returned to Dr. Canipe's office, complaining of pain in his right foot with a history of diabetes. Examination of the right foot at that time revealed a congenital deformity of same with deep infection, and Dr. Canipe referred him to an orthopedist.

7. Dr. Fred M. Wood, an orthopedic surgeon of High Point, first saw and examined plaintiff on March 17, 1970 by referral from Dr. Canipe. Dr. Wood made a diagnosis of large ulceration of the sole of the right foot beneath the big toe. On March 31, 1970, blisters had formed on the right foot and Dr. Wood hospitalized him from March 31, 1970 to April 22, 1970, during which time he amputated the right foot just above the ankle. Pathological examination showed nothing caused by acid burns.

8. In the accident on March 3, 1969, the employee injured only his left foot. This caused temporary total disability for 8 6/7 weeks beginning March 3, 1969, for which defendants have already paid the employee compensation and medical expenses.

9. The injury by accident giving rise hereto in no way injured or affected the employee's right foot. Said accident did not aggravate or accelerate a pre-existing condition so as to cause the foot amputation and disability and medical expenses incident thereto. The accident in question

State v. Wooten

did not bring about additional weight-bearing on the right foot so as to in any fashion contribute to the condition for which amputation was necessitated."

Based upon the above findings of fact, the Commission denied any additional benefits to the employee.

From the denial of any award, the employee appealed.

*Harold I. Spainhour for employee appellant.*

*Lovelace and Hardin by Edward R. Hardin for employer and insurance carrier, appellees.*

CAMPBELL, Judge.

The only question presented is whether the findings of fact of the Industrial Commission are supported by competent evidence and are determinative of all the questions at issue in the proceeding. If they are, we must accept such findings as final truth and merely determine whether or not they justify the legal conclusions and decision of the Commission. *Thomason v. Cab Co.,* 235 N.C. 602, 70 S.E. 2d 706 (1952).

In the instant case there was competent evidence before the Commission to support the findings of fact made by the Commission, and those findings justify the legal conclusions and decision.

Affirmed.

Chief Judge MALLARD and Judge BROCK concur.