LESTER E. HUDSON, EMPLOYEE v. J. P. STEVENS AND COMPANY, EMPLOYER; AND LIBERTY MUTUAL INSURANCE CO., CARRIER

No. 7118IC605

(Filed 15 September 1971)

1. Master and Servant § 93— workmen's compensation — refusal to allow expert testimony

The hearing commissioner did not err in refusing to allow an expert medical witness to testify as to whether cellulitis in plaintiff's right foot could have been caused by acid burns where, in response to a question by the commissioner, the witness stated he had no opinion regarding this matter.

2. Master and Servant § 94— workmen's compensation — failure to make sufficient findings

In this proceeding to recover workmen's compensation for loss of plaintiff's right foot after plaintiff suffered acid burns on his

left foot, the Industrial Commission failed to find facts determinative of the questions at issue where the Commission's findings with respect to injury to plaintiff's right foot merely recited testimony of various witnesses and described portions of medical records, and the Commission failed to find whether plaintiff's right foot was injured in the accident or whether plaintiff had a preexisting physical condition which was aggravated by the injury to his left foot so as to cause cellulitis in his right foot and the subsequent loss thereof.

APPEAL by plaintiff from a decision of the North Carolina Industrial Commission (Commission) filed 10 May 1971.

This is a proceeding under the North Carolina Workmen's Compensation Act wherein plaintiff seeks to recover compensation for the alleged loss of his right foot as a result of an injury sustained on 3 March 1969.

The record reveals this matter came on for hearing before Deputy Commissioner W. M. Barbee at High Point, North Carolina, on 23 November 1970 pursuant to a letter from plaintiff's counsel dated 20 April 1970 claiming a "change of condition." On 4 December 1970, the Deputy Commissioner filed an opinion and award in pertinent part as follows:

### "FINDINGS OF FACT

"1. The plaintiff, at the time of the alleged accident which supposedly occurred on March 3, 1969, was a 42 year old male employee of the defendant employer and had been for two weeks prior thereto.

"2. On March 3, 1969, the plaintiff was performing his regular duties as a service lane employee which included servicing trucks and trailers such as greasing, changing oil and batteries, and servicing the Bacto alarm system on the trailers which is operated by batteries.

"3. The plaintiff alleges that while changing a battery in a truck, when he had the battery in his hands acid ran through a 'crack' in the battery onto his clothes and 'run down into my shoes and blistered the bottom of my feet.' On a different occasion the plaintiff, according to a transcript of a conversation recording between him and a representative of the insurance carrier which the plaintiff's counsel stipulated into the record as Plaintiff's Exhibit #1, 'one of the other boys was working on the system

there and he turned one battery over and I walked through it and I didn't realize at the time what it was. When I got home and pulled my shoes off, down in the bottom of my shoes and part of the inside of my shoe was eat up and everything and my sock had several holes in it.' Quoting verbatim from the transcript and I quote: 'Q. Okay, and could you tell me what part of your body was injured there? A. The bottom of my foot has 3rd and 1st degree acid burns. Q. Now, is this both feet or just one? A. Left foot.'

"4. Plaintiff's counsel subpoenaed Drs. Tommie L. Canipe, Hugh T. Wallace, Robert Ruscoe, IV, and Fred M. Wood to appear at the hearing on November 23, 1970 to testify. Counsel for both sides stipulated into the record that all four doctors were experts in their fields and were qualified to give expert medical evidence. Dr. Canipe saw the plaintiff the first time on March 24, 1969 and treated him until May 1, 1969 for acid burns only to his left foot at which time he informed the plaintiff he had reached sufficient recovery to return to work at his normal duties. The plaintiff's left foot had completely healed and was doing well when the doctor next saw him on March 17, 1970 for an infected callus on the sole of his right foot. Dr. Canipe's records show no history of an injury to the right foot but does show the plaintiff to be a diabetic.

"5. Dr. Hugh Wallace saw the plaintiff in the emergency room at the hospital on March 8, 1969 and treated him for acid burns on his left foot. His records show that the plaintiff stepped in acid. Dr. Wallace treated the plaintiff for this injury until March 23, 1969, and the next time he saw the plaintiff was on April 18, 1969, as a private patient for soreness of the right foot. Dr. Ruscoe's records show that the plaintiff gave him a history of injury to his left foot only. Dr. Fred Wood saw the plaintiff the first time on March 17, 1970, and this was for his right foot only. His records show the plaintiff had greatly insufficient circulation and he put the plaintiff in the hospital on March 31, 1970, and on April 22, 1970, Dr. Wood found it necessary to amputate the plaintiff's right foot due to gangrene and other problems.

"6. The defendant employer admitted liability from the acid burn injury to the plaintiff's left foot on March 3, 1969

and paid the plaintiff temporary total disability compensation for 8 and 6/7 weeks, plus $75.50 medical expenses.

"The foregoing findings of fact and conclusions of law engender the following additional

### "CONCLUSIONS OF LAW

"The plaintiff did not sustain an injury by accident to his right foot arising out of and in the course of his employment with the defendant employer on March 3, 1969. G.S. 97-2(6)."

From the decision of the Deputy Commissioner denying plaintiff's claim for compensation, the plaintiff appealed to the Full Commission. On appeal, the Full Commission amended the hearing commissioner's "Findings of Fact" by striking paragraphs 3 and 4 thereof. The Full Commission then adopted as its own the "Findings of Fact," as amended, and the "Conclusions of Law" of the hearing commissioner and affirmed his decision.

The plaintiff appealed to the Court of Appeals.

*Harold I. Spainhour for plaintiff appellant.*

*Lovelace, Hardin & Bain by Edward R. Hardin for defendant appellee.*

HEDRICK, Judge.

[1] Plaintiff contends by appropriate assignment of error that the hearing commissioner committed prejudicial error by not allowing an expert witness, Dr. Wallace, to testify as to whether the cellulitis on plaintiff's right foot could or might have been caused by acid burns. In response to a question from the Commissioner, the physician stated unequivocally that he had no opinion regarding this matter. This assignment of error is without merit.

[2] Plaintiff contends by his first assignment of error that the Commission failed to make findings of fact which were determinative of all the questions at issue in this proceeding. In *Morgan v. Furniture Industries, Inc.*, 2 N.C. App. 126, 162 S.E. 2d 619 (1968), Chief Judge Mallard quoted with approval

from the opinion of Justice Ervin, in *Thomason v. Cab Co.*, 235 N.C. 602, 70 S.E. 2d 706, as follows:

> " 'If the findings of fact of the Industrial Commission are supported by competent evidence and are determinative of all the questions at issue in the proceeding, the court must accept such findings as final truth, and merely determine whether or not they justify the legal conclusions and decision of the commission. (Citations omitted.) But if the findings of fact of the Industrial Commission are insufficient to enable the court to determine the rights of the parties upon the matters in controversy, the proceeding must be remanded to the commission for proper findings. (Citations omitted.)
>
> It is impossible to exaggerate how essential the proper exercise of the fact-finding authority of the Industrial Commission is to the due administration of the Workmen's Compensation Act. The findings of fact of the Industrial Commission should tell the full story of the event giving rise to the claim for compensation. They must be sufficiently positive and specific to enable the court on appeal to determine whether they are supported by the evidence and whether the law has been properly applied to them. It is obvious that the court cannot ascertain whether the findings of fact are supported by the evidence unless the Industrial Commission reveals with at least a fair degree of positiveness what facts it finds. It is likewise plain that the court cannot decide whether the conclusions of law and the decision of the Industrial Commission rightly recognize and effectively enforce the rights of the parties upon the matters in controversy if the Industrial Commission fails to make specific findings as to each material fact upon which those rights depend.' "

The Commission failed to find facts determinative of the questions at issue between the parties. It will be noted the Commission's "Findings of Fact," with respect to any injury to plaintiff's right foot, merely recite some of the testimony of the various witnesses, and describe portions of the records of the physicians. There is evidence in the record from which the Commission could have found whether plaintiff's right foot was or was not injured on 3 March 1969, or whether plaintiff had a preexisting physical condition (diabetes and congenitally

deformed feet) which was or was not so aggravated by the injury to his left foot on 3 March 1969 as to cause the cellulitis in his right foot and the subsequent loss thereof.

Because the Commission failed to make detailed findings of fact determinative of the questions at issue, it is impossible for this Court to ascertain whether the Commission rightly recognized and effectively enforced the rights of the parties upon the matters in controversy.

For the reasons given, the case is remanded and the Industrial Commission is directed to make findings of fact determinative of all questions at issue and proceed as the law requires.

Error and remanded.

Chief Judge MALLARD and Judge CAMPBELL concur.