IRVIN WILLIS, EMPLOYEE PLAINTIFF v. J. M. DAVIS INDUSTRIES, INC., EMPLOYER; FIDELITY & CASUALTY COMPANY OF NEW YORK, CARRIER DEFENDANTS

No. 713IC741

(Filed 15 December 1971)

1. Master and Servant § 77— workmen's compensation — claim for additional compensation — one-year limitation — time of claim

A plaintiff's claim for additional compensation, which was made more than 12 months after receipt of his last compensation check but which was made within 12 months of his receipt of Industrial Commission Form 28B, is not barred by the one-year statute of limitation. G.S. 97-47; G.S. 97-80.

Willis v. Davis Industries

2. **Master and Servant § 96— workmen's compensation — findings of fact — review on appeal**

Where the Industrial Commission's findings of fact are insufficient to enable the court to determine the rights of the parties upon the matters in controversy, the proceeding must be remanded to the Commission for proper findings.

Chief Judge MALLARD dissenting.

APPEAL by plaintiff from a decision of the North Carolina Industrial Commission filed 7 May 1971.

This is a proceeding under the provisions of G.S. 97-47 of the North Carolina Workmen's Compensation Act wherein plaintiff seeks to recover additional compensation for change of condition pursuant to an award for a compensable injury sustained on 27 March 1968. The record reveals the following uncontroverted facts: The plaintiff sustained a compensable injury while employed by the defendant, J. M. Davis Industries, Inc., on 27 March 1968. Temporary total disability was paid to the plaintiff by the defendant carrier from 27 March 1968 through 23 July 1968. The defendant carrier's check in the amount of $38.01, dated 23 July 1968, was cashed by the plaintiff on either 25 or 26 July 1968. Thereafter, the defendant sent I.C. Form 28B, dated 30 July 1968, to the Industrial Commission indicating that final compensation had been paid. On 6 November 1968, the defendant carrier wrote plaintiff's attorney asking whether the plaintiff would be interested in a compromise of the claim. On 30 July 1969, plaintiff's attorney wrote the Industrial Commission requesting hearing on the case. The letter from plaintiff's attorney to the Industrial Commission requesting a hearing was dated twelve months and either four or five days following the receipt by the plaintiff of his last compensation check.

The Industrial Commission, *inter alia*, made the following pertinent findings of fact:

"5. The defendants admitted liability under the Workmen's Compensation Act in this case and paid plaintiff compensation for temporary disability at the rate of $38.01 per week for a period of 17 weeks, in the total amount of $646.17. The last payment was forwarded to the claimant on July 23, 1968. The check that the defendants sent to the plaintiff was endorsed and cashed by him either July 25 or July 26, 1968. On July 30, 1968, the defendant insur-

ance carrier prepared and furnished the plaintiff with a copy of North Carolina Industrial Commission Form 28B (report of compensation and medical paid). The Industrial Commission was furnished with the original, being received by said Commission on July 31, 1968. The Form 28B contained certain information, including the following:

'8. Total Amount of Compensation Paid, $646.17.'

'10. Date Last Compensation Check Forwarded, July 23, 1968.'

'11. *Total Medical Paid—Does this include final medical? (including nursing, hospital, drugs, etc.,)'.

'14. Does This Report Close the Case—including final compensation payment? Yes.'

'NOTICE TO EMPLOYEE: If the answer to Item 14 above is "Yes," this is to notify you that upon receipt of this form your compensation stops. If you claim further benefits, you must notify the Commission in writing within one (1) year from the date of receipt of your last compensation check.'

\*       \*       \*

24. Plaintiff failed to notify the Commission within 12 months from the date of his last payment of compensation that he had a change of condition."

From an order of the Full Commission concluding as a matter of law that plaintiff's claim for additional compensation was barred by the provisions of G.S. 97-47, and that the defendants were not estopped to plead the lapse of time as a bar to plaintiff's claim, the plaintiff appealed.

*Wheatly & Mason by L. Patten Mason for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay by Grady S. Patterson, Jr., for defendant appellee.*

HEDRICK, Judge.

This appeal presents two questions: (1) Are the defendants estopped to plead the lapse of time as a bar to plaintiff's claim

for additional compensation? (2) Did the Commission make findings of fact determinative of all the questions at issue in this proceeding?

[1] G.S. 97-47 will bar a claim for additional compensation if not made within twelve months of the date of the last payment of compensation, unless the defendants are estopped to plead the lapse of time. *Watkins v. Motor Lines,* 279 N.C. 132, 181 S.E. 2d 588 (1971); *White v. Boat Corporation,* 261 N.C. 495, 135 S.E. 2d 216 (1964); *Sides v. Electric Co.,* 12 N.C. App. 312, 183 S.E. 2d 308 (1971).

The Industrial Commission's Rule XI 5, promulgated pursuant to statutory authority, G.S. 97-80, provides that the defendants will send a copy of I.C. Form 28B to the claimant with his last payment of compensation for either temporary total disability or permanent partial disability.

In discussing the carrier's duty to furnish the employee with a copy of Form 28B in accordance with the Commission's rule, Justice Rodman, in *White v. Boat Corporation, supra,* wrote:

" . . . If that form was not given the employee, as the rules require, he was deprived of information which the Commission specifically directed the carrier to furnish for his protection. It had legislative authority to require the insurance carrier to give employee this information. If the carrier failed to comply with the rule by giving employee notice of the limited time within which he could claim additional compensation, it failed to put the statute of limitations in operation."

In the present case the record discloses that the defendants did not comply with the Commission's Rule XI 5 by sending a copy of Form 28B to the claimant with his last compensation check. The letter from plaintiff's attorney to the Commission requesting a hearing, dated 30 July 1969, was received by the Commission on 31 July 1969, and Form 28B, dated 30 July 1968, was received by the Commission on 31 July 1968. The Commission found as a fact that the defendants prepared and furnished the plaintiff with a copy of Form 28B on 30 July 1968. Thus, it appears that plaintiff's claim for additional compensation was made within twelve months of the time he was furnished a copy of Form 28B. Therefore, we hold the Commission was in error

in concluding as a matter of law that defendants were not estopped to plead the lapse of time as a bar to plaintiff's claim for additional compensation.

[2]   Plaintiff contends the Commission failed to make findings of fact determining whether plaintiff's present condition resulted from the compensable injury sustained on 27 March 1968. Obviously, one of the principal questions at issue in this proceeding is whether plaintiff's present condition is a result of the injury sustained on 27 March 1968. It was the duty of the Commission to make findings of fact determinative of this question, and if findings of fact are insufficient to enable the court to determine the rights of the parties upon the matters in controversy, the proceeding must be remanded to the Commission for proper findings. *Thomason v. Cab Co.*, 235 N.C. 602, 70 S.E. 2d 706 (1952) ; *Morgan v. Furniture Industries, Inc.*, 2 N.C. App. 126, 162 S.E. 2d 619 (1968) ; *Hudson v. Stevens and Co.*, 12 N.C. App. 366, 183 S.E. 2d 296 (1971). The Commission's order made a detailed recital of plaintiff's condition from the date of the injury until the time of the hearing. In its findings of fact the Commission recited a rather complete history of plaintiff's treatment by Dr. Goldner, and the doctor's diagnosis and prognosis of plaintiff's physical and mental condition, but nowhere did the Commission make a finding as to whether the condition described by Dr. Goldner bore any causal relation to the compensable injury of 27 March 1968. In Finding of Fact No. 13, the Commission merely stated that it was Dr. Goldner's opinion that the plaintiff had nerve root irritation probably secondary to trauma to the intervertebral disc.

We do not deem it necessary to recite the medical evidence. Suffice it to say, there is evidence in the record from which the Commission could make a finding as to whether plaintiff's present condition was or was not a result of the injury on 27 March 1968.

For the reasons stated, so much of the Commission's order as concludes as a matter of law that the defendants are not estopped to plead the lapse of time as a bar to plaintiff's claim for additional compensation is reversed, and the proceeding is remanded for the Commission to make findings determinative of the questions at issue and proceed as the law requires.

Reversed and remanded.

Judge GRAHAM concurs.

Chief Judge MALLARD dissents.

Chief Judge MALLARD dissenting.

G.S. 97-80 provides that the Commission may make rules not inconsistent with Article 1 of Chapter 97 of the General Statutes. The Commission has made the following rule:

> "The defendants will furnish the claimant for his record a copy of I. C. Form 21 and I. C. Form 26 when the claimant signs said forms, and defendants will send a copy of I. C. Form 28B to the claimant with his last payment of compensation for either temporary total disability or permanent partial disability." I.C. Rule XI 5.

The statute G.S. 97-47, which is a part of Article 1 of Chapter 97, states specifically that " . . . no such review shall be made after twelve months from the *date of the last payment* of compensation pursuant to an award under this article . . . . " (Emphasis added.)

To allow a review after more than twelve months have elapsed from the date of the last payment of compensation pursuant to an award under the article, because of a failure to comply with a rule of the Commission, would be inconsistent with the provisions of G.S. 97-47. Absent equitable grounds, which do not appear in this case, the carrier is not estopped to plead the provisions of the statute. The statute controls over the rule of the Commission. I think the order of the Commission is correct, and plaintiff's right to review is barred as a matter of law.