ALICE NELSON, Employee, Plaintiff v. FOOD LION, INCORPORATED, Employer, SELF-INSURED, (Alexsis, Incorporated) Defendants

No. 8810IC501

(Filed 17 January 1989)

1. Master and Servant § 94.1— workers' compensation—relation of injury to previous injury—failure of Commission to make required findings

Findings of fact by the Industrial Commission were insufficient because they did not address whether plaintiff's knee injury was caused by or related to her earlier ankle injury for which she had received workers' compensation benefits.

2. Master and Servant § 77.2— workers' compensation—timeliness of request for change of condition—affirmative defense

Defendant's defense in a workers' compensation case that plaintiff's action was a request for a change of condition regarding her earlier injury and was therefore barred because it was not timely brought pursuant to N.C.G.S § 97-47 could not be raised for the first time on appeal; rather, it should have been affirmatively raised prior to a hearing on the merits.

APPEAL by plaintiff from an opinion and award of the North Carolina Industrial Commission entered on 21 January 1988. Heard in the Court of Appeals 27 October 1988.

Plaintiff, Alice Nelson, brought this action to recover workers' compensation benefits for injuries sustained on or about 21 June 1986 to her right ankle and right knee while working for Food Lion, Incorporated (defendant). The evidence here tended to show that while working at defendant's store on 21 June 1986 plaintiff was in the office counting the money in the cash register tills. As she left the office to get another till, she had to take a step or two down because the office was elevated above the main floor level. While stepping onto the floor plaintiff testified that "my ankle and my knee gave away." Consequently, plaintiff sprained her ankle and twisted her knee. She was able to maintain her balance without falling to the floor. Her doctor subsequently discovered damage to her knee which he attributed to plaintiff's history of multiple ankle sprains. In order to repair plaintiff's knee she underwent two arthroscopic operations.

Defendant, a self-insurer, denied coverage under the Workers' Compensation Act (Act). Plaintiff requested a hearing. On 16 April 1987 Deputy Commissioner Tamara R. Warstler heard the

case and ruled that plaintiff was not entitled to receive workers' compensation benefits. The Deputy Commissioner found that plaintiff's injury "was not caused by an accident," but rather "was caused solely by an idiopathic condition, i.e., right ankle instability." Plaintiff appealed to the full Commission which affirmed and adopted Deputy Commissioner Warstler's opinion as its own. Plaintiff appeals.

*Leigh Rodenbough for plaintiff-appellant.*

*Smith Helms Mulliss & Moore, by Jeri L. Whitfield and J. Donald Cowan, Jr., for defendant-appellees.*

EAGLES, Judge.

[1]   In this workers' compensation action plaintiff argues that the Industrial Commission (Commission) should have found that the ankle injury she suffered on 21 June 1986 was compensable under the Act because it was a direct and natural result of a previous compensable ankle injury. We hold that the Commission's findings of fact are insufficient because they do not address whether or not plaintiff's injury was caused or related to her earlier injury for which she had been compensated. Accordingly, we vacate and remand for additional findings of fact.

The standard of review in workers' compensation cases is limited. We may determine only whether the findings of fact are supported by any competent evidence and whether they, in turn, support the Commission's conclusions of law. *Hollar v. Furniture Co.,* 48 N.C. App. 489, 269 S.E. 2d 667 (1980). If, however, the Commission's findings of fact do not determine all of the issues arising from the action, we must remand the case to the Industrial Commission for additional findings. *Thomason v. Cab Co.,* 235 N.C. 602, 70 S.E. 2d 706 (1952).

Plaintiff argues that the ankle injury she suffered on 21 June 1986 was a direct result of an earlier work related injury. Her first injury occurred on 5 July 1983 when she fell from a milk crate while stocking shelves at defendant's store. Plaintiff testified that she severely sprained her ankle and received workers' compensation benefits for her injuries caused by this fall. She contends that this first injury never properly healed because of numerous subsequent ankle sprains. Further, her doctor, Dr.

Maultsby, stated that these later sprains were directly related "to some instability that [plaintiff] had in her ankle from her first injury." Dr. Maultsby also observed that once a person sprains an ankle it requires "little provocation" to resprain it. Plaintiff contends that this evidence shows that her 21 June 1986 injury was directly caused by her 5 July 1983 injury.

In *Starr v. Paper Co.*, 8 N.C. App. 604, 612, 175 S.E. 2d 342, 347, *cert. denied*, 277 N.C. 112 (1970), we held "that a subsequent injury, whether an aggravation of the original injury or a new and distinct injury, is compensable if it is the direct and natural result of a compensable primary injury." *See also Heatherly v. Montgomery Components, Inc.*, 71 N.C. App. 377, 323 S.E. 2d 29 (1984), *disc. rev. denied*, 313 N.C. 329, 327 S.E. 2d 890 (1985). Here plaintiff presented sufficient evidence that a fact finder might determine that the 5 July 1983 injury was the proximate cause of the 21 June 1986 injury. A finding in plaintiff's favor on this issue would entitle her to workers' compensation benefits irrespective of the other issues raised here. The Commission's findings of fact, however, are silent on the proximate cause issue. Accordingly, we vacate and remand to the Industrial Commission for additional findings of fact.

[2] Defendant further argues that plaintiff's action is a request for a change of condition regarding her 5 July 1983 injury and, therefore, is barred because it was not timely brought pursuant to G.S. 97-47. Assuming *arguendo* that G.S. 97-47 applies, we hold that defendant may not raise this technical defense for the first time on appeal. This defense must be affirmatively raised prior to a hearing on the merits or it is waived. *Gragg v. Harris & Son*, 54 N.C. App. 607, 284 S.E. 2d 183 (1981). Our holding here makes it unnecessary to address plaintiff's additional assignment of error.

Vacate and remand.

Judges BECTON and GREENE concur.