DINKINS v. FEDERAL PAPER BOARD CO.

[120 N.C. App. 192 (1995)]

———

VANDER DINKINS, PLAINTIFF-EMPLOYEE v. FEDERAL PAPER BOARD COMPANY, INCORPORATED, DEFENDANT-EMPLOYER AND WAUSAU INSURANCE COMPANIES, DEFENDANT-INSURANCE CARRIER

No. COA94-844

(Filed 5 September 1995)

**Workers' Compensation § 427 (NCI4th)— change of condition—additional compensation—erroneous conclusion by Industrial Commission**

The Industrial Commission erred in concluding that plaintiff has not undergone a change of condition and is thus not entitled to additional compensation under N.C.G.S. § 97-47 where the Commission found that "plaintiff's back went from being relatively asymptomatic and returning to work to being unable to work for a period of time"; a physician's testimony could only support a finding and conclusion that the change of condition did affect plaintiff's capacity to earn wages; and there is no competent evidence in the record to support a finding and conclusion to the contrary. However, the proceeding must be remanded for a finding as to the time period during which plaintiff experienced this change of condition.

**Am Jur 2d, Workers' Compensation §§ 652-658.**

Appeal by plaintiff from opinion and award of the North Carolina Industrial Commission filed 12 April 1994. Heard in the Court of Appeals 20 April 1995.

DINKINS v. FEDERAL PAPER BOARD CO.

[120 N.C. App. 192 (1995)]

On 25 July 1995, plaintiff filed a Petition for Rehearing this case which had resulted in an unpublished opinion filed 20 June 1995. On 28 July 1995, we allowed this petition but stipulated that the case would be reconsidered without the filing of additional briefs and without oral argument. The following opinion supersedes and replaces the unpublished opinion filed 20 June 1995.

*Patterson, Harkavy & Lawrence, by Henry N. Patterson, Jr. and Martha A. Geer, for plaintiff-appellant.*

*Hedrick & Blackwell, L.L.P., by P. Scott Hedrick, for defendants-appellees.*

LEWIS, Judge.

On 28 January 1991 plaintiff sustained a back injury while working as a "rewinder helper" for defendant Federal Paper Board Company, Inc. Plaintiff was out of work until 6 February 1991. The parties entered into a Form 21 Agreement, which compensated plaintiff for a five percent permanent partial disability of the back. Plaintiff worked from 6 February until 16 July 1991 with no complaints, but then had a flare-up of a long-standing gout problem. Plaintiff saw a doctor and was out of work because of the gout until 22 July 1991. Plaintiff had no further complaints until September 1991, when his gout again flared up. Plaintiff left work on 21 September 1991 and went to Cape Fear Memorial Hospital the next day. About the second week plaintiff was out of work, he began to use wooden crutches. After a few days, plaintiff experienced low-back pain which he described as being "worse" and more extensive than before. Plaintiff reported this increased pain to Dr. Scully on 28 October 1991. Dr. Scully placed him out of work again and considered him to be temporarily totally disabled until 22 May 1992 when he returned plaintiff to work.

On 6 May 1992 plaintiff requested a hearing, pursuant to N.C.G.S. § 97-47 (1991), on the issue of whether he had suffered a change of condition. Deputy Commissioner Scott M. Taylor entered an opinion and award finding that plaintiff had not suffered a change of condition. He therefore denied plaintiff's request for additional compensation. Plaintiff appealed to the full Commission (hereinafter "the Commission"), which concluded in its opinion and award that plaintiff had not suffered a change of condition. It denied plaintiff's request for additional compensation but, based on a recent decision of the Supreme Court, *Hyler v. GTE Products Co.*, 333 N.C. 258, 425

S.E.2d 698 (1993), concluded that plaintiff was entitled to recover for future medical expenses as a result of his 28 January 1991 injury. From the opinion and award of the Commission, plaintiff appeals.

Plaintiff's sole contention on appeal is that the Commission erred in finding and concluding that plaintiff had not suffered a change in condition. Our task in reviewing the Commission's findings and conclusions is to determine whether the findings of fact are supported by any competent evidence and whether the findings of fact support the conclusions of law. *Nelson v. Food Lion, Inc.*, 92 N.C. App. 592, 593, 375 S.E.2d 162, 163, *disc. review denied*, 324 N.C. 336, 378 S.E.2d 795 (1989).

N.C.G.S. § 97-47 provides that an injured employee may seek compensation in addition to that previously awarded to him if the employee has had a change in condition. This Court has emphasized that " '[i]n determining if a change of condition has occurred . . . the primary factor is a change in condition *affecting the employee's physical capacity to earn wages* . . . .' " *East v. Baby Diaper Services, Inc.*, 119 N.C. App. 147, 151, 457 S.E.2d 737, 740 (1995) (quoting *Lucas v. Bunn Manuf. Co*, 90 N.C. App. 401, 404, 368 S.E.2d 386, 388 (1988)). The pertinent findings and conclusions here are the following:

### FINDINGS OF FACT

12. Although *the condition of plaintiff's back went from being relatively asymptomatic and returning to work to being unable to work for a period of time,* plaintiff's complaints are the·same. Plaintiff's back does not have a different condition as that which it had at the time of plaintiff's five percent permanent partial disability rating of his back.

### CONCLUSION OF LAW

Since his permanent partial disability rating of five percent of the back attributable to his compensable injury on 28 January 1991, *plaintiff has not undergone a change of condition, and is not, therefore, entitled to additional compensation.* G.S. 97-47
. . . .

(Emphasis added).

The Commission's findings do not support its conclusion of law that plaintiff has not undergone a change of condition. Rather, finding 12 supports the opposite conclusion. In finding 12, the Commission found that plaintiff "went from being relatively asymptomatic and

returning to work to being unable to work for a period of time." This finding was based on competent evidence, and in particular, on the testimony of Dr. Scully who was asked at his deposition if plaintiff had "really had any change in his condition." Dr. Scully responded:

> I would have to say no. I mean, I thought he had, and certainly he had elements of recovery. *Let me rephrase that. I think he definitely had a change in his condition in that he went from being relatively asymptomatic and returning to work to being unable to work but that the complaint is the same.* It is not a new or different condition.

He also testified that the "onset of radicular complaints" supported his conclusion that plaintiff had undergone a change of condition. Further, when asked if plaintiff's "pain had become so severe that he was unable to work after October 28th," Dr. Scully responded, "I am convinced."

Consequently, the Commission's findings fail to support its conclusion of law. Viewed in its entirety, Dr. Scully's testimony can only support a finding of fact and conclusion of law that the change in condition experienced by plaintiff *did* affect his physical capacity to earn wages. There is no competent evidence in the record to support a finding and conclusion to the contrary.

It further appears that the Commission applied the wrong legal standard in reaching its conclusion of law in that it failed to recognize that a change in physical capacity to earn wages alone is sufficient to support an award of additional compensation for change of condition. When "facts are found or the Commission fails to find facts under a misapprehension of the law, a remand may be necessary so that the evidence may be considered in its true legal light." *Mills v. Fieldcrest Mills*, 68 N.C. App. 151, 158, 314 S.E.2d 833, 838 (1984).

In finding 12, the Commission found that plaintiff was "unable to work for a period of time," yet there is no finding as to the time period during which plaintiff experienced this change. A remand is needed here since the Commission's findings are not sufficient to determine the rights of the parties, *for e.g.*, there is no finding as to the time period during which plaintiff experienced this change of condition. *See id.* (remand necessary when findings insufficient to determine rights of parties).

For the reasons stated, the opinion and award of the Commission is reversed in part and remanded for findings of fact and conclusions

of law consistent with this opinion. The Commission's award of future medical expenses has not been appealed and is not affected by this opinion.

Reversed in part and remanded.

Judges GREENE and MARTIN, Mark D. concur.