BLAIR v. AMERICAN TELEVISION & COMMUNICATIONS CORP.

[124 N.C. App. 420 (1996)]

a novel argument, but we find that the plain language of the second paragraph of G.S. § 1-21 is unambiguous and does not limit the exemption from its tolling provisions to those defendants amenable only to personal process. Plaintiffs' arguments to the contrary are unpersuasive.

Plaintiffs may not avail themselves of the tolling statute by their own failure to timely serve defendant when he was statutorily amenable to process. We reiterate that to apply the tolling statute when a defendant "has at all times been subject to the service of process by which the court would have acquired personal jurisdiction is inimical to the general purposes of statutes of limitations." *Chestnut*, 28 N.C. App. at 572, 221 S.E.2d at 898.

Plaintiffs have failed in their burden of proving that G.S. § 1-21 operates to toll the applicable statutes of limitations in this case. *See Burkhimer*, 39 N.C. App. at 452, 250 S.E.2d at 680-81. "A statute of limitations can be the basis for dismissal on a Rule 12(b)(6) motion if the face of the complaint discloses that plaintiff's claim is so barred." *Long v. Fink*, 80 N.C. App. 482, 484, 342 S.E.2d 557, 559 (1986). The trial court's order dismissing plaintiffs' claims pursuant to Rule 12(b)(6) and 12(c) of the North Carolina Rules of Civil Procedure is, therefore,

Affirmed.

Judges JOHNSON and GREENE concur.

━━━━━━━━━━

GLORIA A. BLAIR, EMPLOYEE, PLAINTIFF; v. AMERICAN TELEVISION & COMMUNICATIONS CORPORATION, EMPLOYER; TRAVELERS INSURANCE COMPANY OF ILLINOIS, CARRIER, DEFENDANTS

No. COA95-1397

(Filed 5 November 1996)

### 1. Workers' Compensation § 426 (NCI4th)— change in condition—causal relation to work-related injury

A change in the physical condition of an employee's left hand could not support a conclusion that the employee had sustained a change of condition warranting modification of a prior com-

pensation award under N.C.G.S. § 97-47 where there was no finding by the Industrial Commission that the change in condition was causally related to the employee's work-related injury.

**Am Jur 2d, Workers' Compensation §§ 652-658.**

**2. Workers' Compensation § 426 (NCI4th)— increased disability—inability to find employment—reasonable effort—insufficient evidence—causal relation to work-related injury**

The evidence did not support the Industrial Commission's determination that plaintiff had shown increased disability in that she had made a reasonable but unsuccessful effort to obtain employment where the evidence showed only that plaintiff had contacted the Department of Vocational and Rehabilitation Services and the Employment Security Commission to see if there might be suitable employment for her; there was no evidence that she pursued employment through these agencies and she testified that she had abandoned her efforts through these agencies; and she had not applied for employment with any employers. Assuming that she made a reasonable effort to find employment, the conclusion that her increased disability is a changed condition cannot stand because there was no finding that the increased disability was causally related to her work-related injury.

**Am Jur 2d, Workers' Compensation §§ 652-658.**

Appeal by defendants from Opinion and Award for the Full Commission entered 28 September 1995. Heard in the Court of Appeals 18 September 1996.

*Marvin Schiller for plaintiff-appellee.*

*Young Moore and Henderson, P.A., by J.D. Prather, for defendant-appellants.*

GREENE, Judge.

American Television and Communications Corporation (employer) appeals from a 28 September 1995 Opinion and Award of the North Carolina Industrial Commission (the Commission) concluding that Gloria A. Blair (employee) sustained a "change in condition" in her left hand which entitled her to temporary total disability until further order of the Commission.

On 21 January 1992 the Commission entered an opinion and award concluding that the employee sustained "an injury by accident in the nature of an occupational disease of carpal tunnel syndrome arising out of and in the course" of her employment with the employer. The Commission also concluded that the employee was entitled to "temporary total disability compensation benefits" through 30 May 1990 and "permanent partial disability compensation benefits" for a thirty-week period commencing on 30 May 1990. The permanent partial disability award was based on a "fifteen percent permanent partial disability of the right hand." In support of the temporary total award, the Commission found that the employee "was [on 31 January 1990] medically excused from work [because she suffered] from carpal tunnel syndrome in both hands" and was released to return to work on 30 May 1990.

On 29 April 1992 the employee filed a "Notice of Change in Condition" requesting a modification of the 21 January 1992 opinion and award. She alleged that her condition had changed "as a result of the reoccurrence of pain, and a greater percentage of disability." The undisputed findings of the Commission reveal that since 30 May 1990 the employee's "right hand has not worsened" and that her left hand "has significantly worsened." The Commission also found in pertinent part:

> 8. After [30 May 1990, the employee], made reasonable, but unsuccessful, efforts to obtain employment.

> 9. As a result of [the employee's] contraction of carpal tunnel syndrome, permanent partial disability of the right hand, diabetes, reasonable but unsuccessful efforts to obtain employment, and significant worsening of the carpal tunnel syndrome in [employee's] left hand after [30 May 1990], [the employee] has been incapable of earning wages with . . . employer or in any other employment . . . .

The Commission then concluded that the employee was entitled to temporary total disability compensation because of her "substantial change for the worse in her condition of the left hand" and because she had made "reasonable but unsuccessful efforts to obtain employment."

The evidence shows that the employee has not been employed since January 1990 and that she has not applied for employment with any employers. She testified that she had contacted, without success,

the Department of Vocational and Rehabilitation Services and the Employment Security Commission to see "if there might be some suitable employment" available for her. She further testified that she was no longer in contact with these agencies.

The issues are whether (I) the findings support the conclusion that the changes in the employee's left wrist amount to a change in condition within the meaning of section 97-47; and (II) the evidence supports the finding of the Commission that the employee made a reasonable effort to find employment.

The Commission may review any award of compensation "upon its own motion or upon application of any party in interest on the grounds of a change in condition," and "on such review may make an award ending, diminishing, or increasing the compensation previously awarded." N.C.G.S. § 97-47 (1991). The statute does not identify what is required in order to show a "change in condition." Our case law describes a "change in condition" as a condition occurring after a final award of compensation that is "different from those existent when the award was made." *Weaver v. Swedish Imports Maintenance, Inc.*, 319 N.C. 243, 247, 354 S.E.2d 477, 480 (1987). This "change in condition" can consist of either a change in the claimant's physical condition that impacts his earning capacity, *McLean v. Roadway Express, Inc.*, 307 N.C. 99, 103-04, 296 S.E.2d 456, 459 (1982); *Dinkins v. Federal Paper Bd. Co.*, 120 N.C. App. 192, 195, 461 S.E.2d 909, 910 (1995), a change in the claimant's earning capacity even though claimant's physical condition remains unchanged, *Smith v. Swift & Co.*, 212 N.C. 608, 610, 194 S.E. 106, 108 (1937); *Weaver*, 319 N.C. at 248, 354 S.E.2d at 480; 3 Arthur Larson, *The Law of Workmen's Compensation* § 81.31(e) (1996) [hereinafter *Larson*], or a change in the degree of disability even though claimant's physical condition remains unchanged. *West v. Stevens Co.*, 12 N.C. App. 456, 461, 183 S.E.2d 876, 879 (1971). In all instances the burden is on the party seeking the modification to prove the existence of the new condition and that it is causally related to the injury that is the basis of the award the party seeks to modify. *Willis v. Davis Indus.*, 13 N.C. App. 101, 105, 185 S.E.2d 28, 31 (1971); *Weaver*, 319 N.C. at 249 n.3, 354 S.E.2d at 481 n.3; *Larson* § 81.31(b).

In this case, the employee claims that her condition has changed since the entry of the 21 January 1992 award. In support of this claim she asserts that her pain has reoccurred and that her disability has increased. Consistent with these assertions, the Commission found

that, since 21 January 1992, the physical condition of the employee's left hand has "significantly worsened" and that her earning capacity has decreased. The employer argues that the Commission erred in both findings.

I

[1] The employer first contends that because there is no finding by the Commission that the change in the physical condition of the employee's left hand is causally related to her injury of 10 January 1990 (the subject of the 21 January 1992 award), that change cannot support a conclusion that the employee sustained a change of condition within the meaning of section 97-47. For the reasons hereinbefore given, we agree.

II

[2] The employee also seeks to show a change of condition by proving that her disability has increased since the entry of the final award of compensation. Pursuant to this Court's opinion in *Russell v. Lowes Prod. Distrib.*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993), an employee has four methods of showing that her earning capacity has decreased (increased disability). In this case, the Commission determined the employee had, consistent with one of the tests set forth in *Russell*, met her burden: although she was capable of some work, she was now totally disabled because she had "made reasonable, but unsuccessful, efforts to obtain employment."

The employer contends that the evidence does not support the determination that the employee made a reasonable effort to obtain employment. We agree. The employee made no effort to locate employment with any employers. Her contact with the Department of Vocational and Rehabilitation Services and the Employment Security Commission is not on this record sufficient to support a finding that she made a reasonable effort to find employment. There is no evidence that she aggressively pursued employment through these agencies. Indeed, her testimony is that she had abandoned her efforts to seek employment through these agencies. Furthermore, there is no evidence with regard to the efforts these agencies made to secure employment for the employee. In any event, even assuming she made a reasonable effort to find employment, the conclusion that her increased disability is a changed condition cannot stand because there is no finding that the increased disability was causally related to the 10 January 1990 injury.

Accordingly the opinion and award is reversed and this case is remanded to the Commission for findings on whether the change in the employee's left hand was causally related to the 10 January 1990 injury. On remand the Commission will also determine whether the employee has met her burden of showing an increased disability pursuant to any other method provided for in *Russell*, and if so, whether that increased disability is causally related to the 10 January 1990 injury.

Reversed and remanded.

Chief Judge ARNOLD and Judge JOHNSON concur.