***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties before the Full Commission. The appealing party has not shown good grounds to receive further evidence or to rehear the parties or their representatives. Upon reconsideration of the evidence, the Full Commission affirms the Opinion and Award of the Deputy Commissioner.
 ***********
The following Stipulations from the prior Opinion and Award by the Full Commission are applicable to this matter:
 STIPULATIONS *Page 2 
1. The Employee-Employer relationship existed at all times relevant to this proceeding.
2. Clarendon National Services, Inc., was the carrier on the risk at all times relevant to this proceeding.
3. The parties were subject to the North Carolina Workers' Compensation Act at all times relevant to this proceeding with the employer employing the requisite number of employees to be bound under the provisions of said Act.
 *********** EXHIBITS
1. The following documents were entered into the record as stipulated exhibits:
 • Exhibit 1: Transcript of 3/14/07 hearing
 • Exhibit 2: Industrial Commission Forms and filings post-3/14/07
 • Exhibit 3: Plaintiff's medical records (including post-hearing submissions).
2. The following document was entered into the record as a Plaintiff's Exhibit:
 • Exhibit 1: Collection notice concerning outstanding medical bills.
3. The following document was entered into the record as a Defendants' Exhibit:
 • Exhibit 1: Office note from Dr. Boone dated 3/20/10.
 *********** EVIDENTIARY MATTERS
Following the Notice of Appeal to the Full Commission, Plaintiff filed an Industrial Commission Form 44 on June 21, 2011. On August 16, 2011, Defendants filed a Motion to Dismiss Plaintiff's appeal to the Full Commission for failing to submit an Industrial Commission *Page 3 
Form 44 to the Commission. Upon receipt of the Form 44, Defendants objected to the Plaintiff's appeal to the Full Commission on the grounds that Plaintiff's Industrial Commission Form 44 did not give "specific grounds for his appeal."
The Full Commission entered an ORDER on September 1, 2011, holding Defendants' Motion in abeyance until ruled upon by the Full Commission panel reviewing the appeal.
After reviewing Defendants' Motion and Plaintiff's Industrial Commission Form 44, the Full Commission DENIES Defendants' Motion and allows Plaintiff's appeal.
 *********** ISSUES
1. Whether Plaintiff has shown a compensable change of condition?
2. Whether Plaintiff is entitled to any further medical or indemnity compensation?
3. Whether the Form 26A approval in this claim should be set aside?
 ***********
Based upon a preponderance of the evidence in view of the entire record, the Full Commission makes the following:
 *********** FINDINGS OF FACT
1. At the time of the hearing, Plaintiff was a forty-two (42) year old truck-driver by trade with a High School Diploma and some further training at a Truck Driving School.
2. Plaintiff began working with Defendant-Employer as a driver helper on June 3, 2003.
3. On September 19, 2003, Plaintiff suffered an injury to his left heel and ankle when they were caught under the wheel of a rolling forklift. Defendants initially provided some *Page 4 
medical treatment, but stopped treatment two (2) weeks after the accident and denied compensability.
4. Plaintiff's left foot injury was later found to be a compensable injury by accident by the Full Commission in an Opinion and Award filed on April 26, 2008.
5. Thereafter, Plaintiff presented to Dr. Donald D. Getz, an orthopedic surgeon, for an independent medical examination ("IME") on May 28, 2008. Dr. Getz recommended an MRI which revealed no abnormalities.
6. Dr. Getz opined that Plaintiff's then-present left foot and ankle symptoms, which Plaintiff reported as pain and problems with standing for more than thirty (30) minutes, were directly related to the compensable injury. Dr. Getz also noted that "maximum medical improvement was reached, according to the examinee on 9/10/2007." Dr. Getz assigned a twelve (12) percent permanent partial impairment rating for Plaintiff's left lower extremity. Plaintiff did not seek any further treatment for his left foot and ankle.
7. On October 1, 2008, Defendants filed a Form 33 Request for Hearing seeking a determination as to the amount of permanent partial disability compensation to which Plaintiff was entitled.
8. At a hearing set on December 17, 2008 before Deputy Commissioner Victoria M. Homick, the parties submitted a fully executed Form 26A agreement with supporting documentation providing for payment to Plaintiff of a permanent partial disability award that was consistent with Plaintiff's twelve percent (12%) rating to his left lower extremity.
9. Plaintiff did not present any objections, questions or concerns with respect to the Form 26A agreement on December 17, 2008. As a result, Deputy Commissioner Homick approved the Form 26A agreement on December 17, 2008. *Page 5 
10. On April 8, 2009, Plaintiff was involved in a motorcycle accident, in which he struck a mailbox and sustained a "severe open grade III left ankle fracture-dislocation."
11. Plaintiff immediately underwent operative fixation of the fracture performed by Dr. Craig N. Lippe, an orthopedic surgeon. Following surgery, Plaintiff developed postoperative wound complications and underwent an irrigation and debridement with wound VAC placement and hardware removal on July 2, 2009.
12. As a result of his April 8, 2009 injury, Plaintiff incurred significant medical expenses.
13. Dr. Lippe opined that Plaintiff's "current left foot and ankle condition has no relation to the 2003 forklift injury" and "is certainly most entirely related to his 2009 motorcycle injury." Dr. Lippe also noted that the 2003 forklift injury did not significantly contribute to or worsen the injuries Plaintiff sustained in the 2009 motorcycle accident and did not significantly affect Plaintiff's recovery from the latter injury.
14. Although Plaintiff went several years without medical treatment for his left foot and ankle condition following the 2003 forklift injury, Dr. Lippe opined that such lack of treatment did not have any contribution to his current left foot and ankle condition.
15. Dr. Lippe also opined that Plaintiff did not need any further medical treatment as a result of the 2003 forklift injury.
16. On March 30, 2010, Plaintiff presented to Dr. Boone, an orthopedic surgeon specializing in the treatment of foot and ankle injuries, for a one-time evaluation of his left foot and ankle. *Page 6 
17. Dr. Boone opined that Plaintiff's current left foot and ankle condition was "at least seventy-five percent (75%)" related to the 2009 motorcycle accident and the 2003 compensable forklift injury played "a small part in his current condition."
18. Dr. Boone further opined that the lack of treatment of Plaintiff's left foot and ankle following the 2003 forklift injury did not significantly contribute to his current condition and if it did, it did so in a "minor way."
19. The Full Commission gives greater weight to the opinions of Dr. Lippe over any contrary opinions of Dr. Boone. Dr. Lippe was Plaintiff's treating physician and was in a better position than Dr. Boone to assess Plaintiff's current condition.
20. The Full Commission finds that Plaintiff's current foot and ankle condition is not causally related to his compensable 2003 forklift injury and is not compensable.
21. Plaintiff has failed to show that his need for medical treatment for his left foot and ankle since his 2009 motorcycle accident is related to his 2003 compensable injury.
22. Based upon a preponderance of the evidence, including the vocational and medical evidence from the record, the Full Commission finds that Plaintiff has failed to prove that his current incapacity to work, if any, is causally related to his 2003 compensable injury.
23. The Full Commission further finds that there is no evidence of mutual mistake, misrepresentation, or fraud to support setting aside the Form 26A agreement approved by Deputy Commissioner Homick on December 17, 2008.
24. As of September 10, 2007, Plaintiff was at maximum medical improvement from his compensable injury. Plaintiff has failed to show that as a result of his compensable 2003 forklift injury, he has suffered a substantial change in his physical capacity to earn wages since the approval of the Form 26A award. *Page 7 
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. The Full Commission concludes that Plaintiff's current foot and ankle condition is not causally related to his compensable 2003 forklift injury and is not compensable. Young v. Hickory Bus.Furn., 137 N.C. App. 51, 527 S.E.2d 344 (2000).
2. The Full Commission further concludes that Plaintiff's need for medical treatment since his 2009 motorcycle accident for his left foot and ankle is not causally related to his 2003 compensable injury. To the extent that the Perez or Parsons
presumption may apply in this case, Defendants have rebutted that presumption through competent medical evidence. N.C. Gen. Stat. § 97-25.1; Perez v. Am. Airline/AMR Corp.,174 N.C. App. 128, 620 S.E.2d 288 (2005); Parsons v. Pantry,Inc., 126 N.C. App. 540, 485 S.E.2d 867 (1997).
3. An employee has the burden of proof to show that his present disability is caused by a work related injury. Lettley v. TrashRemoval Serv., 91 N.C. App. 625, 372 S.E.2d 747 (1988).
4. The preponderance of the expert medical and vocational evidence from the record establishes that any current inability to work Plaintiff may have is due to his non-compensable injuries and is not causally related to his 2003 compensable injury. Blair v. AmericanTelevision Comm. Corp., 124 N.C. App. 420, 477 S.E.2d 190 (1996).
5. The Full Commission has the inherent power to set aside former judgments on the grounds of mutual mistake, misrepresentation, or fraud. N.C. Gen. Stat. §§ 97-17. The Full Commission concludes that there is insufficient evidence to set aside the Form 26A agreement *Page 8 
on the grounds that mutual mistake, misrepresentation, or fraud existed at the time the agreement was executed. Id.;Hogan v. Cone Mills Corp., 315 N.C. 127, 337 S.E.2d 477 (1985).
6. The Commission may modify compensation of previous awards if there is a change in condition. N.C. Gen. Stat. § 97-47;Murray v. Nebel Knitting Co.,214 N.C. 437, 199 S.E. 609 (1938). The change itself must be a "substantial change in the physical capacity to earn wages."Young v. Hickory Bus. Furn.,137 N.C. App. 51, 527 S.E.2d 344 (2000). The burden is on the party seeking the modification to prove the existence of the new condition and that it is causally related to the injury that is the basis of the award the party seeks to modify. Blair v. American TelevisionComm. Corp., 124 N.C. App. 420, 477 S.E.2d 190 (1996).
7. The Full Commission concludes that Plaintiff has not suffered a substantial change in condition in his physical capacity to earn wages as a result of his 2003 compensable injury that would warrant modifying the Form 26A award. Therefore, Plaintiff is not entitled to any additional indemnity compensation related to his 2003 compensable work injury since he has not proven a substantial change of condition. N.C. Gen. Stat. § 97-47; Blair v. AmericanTelevision Comm. Corp., 124 N.C. App. 420, 477 S.E.2d 190 (1996);Murray v. Nebel Knitting Co.,214 N.C. 437, 199 S.E. 609 (1938).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's Motion to set aside the Form 26A agreement is DENIED.
2. Plaintiff's claim for additional compensation and medical treatment in this claim must, under the law, be and hereby is DENIED. *Page 9 
3. Each side shall bear its own costs.
This ___day of November 2011.
 S/________________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________________ TAMMY R. NANCE COMMISSIONER
 S/________________________ CHRISTOPHER S. SCOTT COMMISSIONER *Page 1