An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-740
NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

DIANNE BETHEA,
  Employee/Plaintiff,

    v.                                    From N.C. Industrial Commission
                                               I.C. No. 381629
US AIRWAYS, INC.,
  Employer,

and

INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA,

  Carrier, Defendants.


Appeal by defendant from Opinion and Award entered 14 March 2013 by the North Carolina Industrial Commission. Heard in the Court of Appeals 20 November 2013.

*THE SUMWALT LAW FIRM, by Vernon Sumwalt, for plaintiff.*

*BROOKS, STEVENS & POPE, P.A., by Frances M. Clement and Daniel C. Pope, Jr., for defendant.*


Elmore, Judge.


US Airways, Inc. (defendant) appeals from the North Carolina Industrial Commission's (the Commission) Opinion and Award requiring defendant to pay disability compensation to

Dianne Bethea (plaintiff) in the amount of $111.17. After careful review, the Opinion and Award of the Commission is affirmed.

## I. Facts

On 12 October 2003, plaintiff sustained a neck injury during the course of her employment as a flight attendant for defendant. Plaintiff underwent cervical fusion surgery and did not return to work until 28 September 2006. Plaintiff received workers' compensation and social security disability benefits for three years while she was out of work. After plaintiff resumed employment, she returned to work earning her pre-injury average weekly wage. On 7 July 2010, the Commission approved a Form 26A for a 21.5 percent permanent partial disability rating to plaintiff's neck.

After the Form 26A was approved, symptoms related to her neck injury intensified and included daily headaches resulting in nausea and blurred vision, decreased range of motion of her cervical spine, numbness, increased ostephyte (bone spur), and pain in her right arm. As a result, plaintiff worked fewer hours. Moreover, plaintiff was unable to work on 6 and 7 March 2011 due to her headaches. She did not receive workers' compensation for those days, but instead the missed time "came

out of [her] sick time" or "personal care leave[.]" On 6 June 2011, plaintiff filed an Amended Form 18 alleging a change of condition pursuant to N.C. Gen. Stat. § 97-47. After a hearing on the matter, Deputy Commissioner Philip A. Baddour, III, filed an Opinion and Award on 15 August 2012 in favor of defendant. Plaintiff appealed to the Commission on 17 August 2012. Thereafter, the Commission filed an Opinion and Award on 14 March 2013 for plaintiff, concluding that she demonstrated a change of condition from the permanent partial disability award approved on 7 July 2010. Defendant filed timely notice of appeal on 9 April 2013 to this Court.

## II. Analysis

Defendant argues that the Commission erred in concluding that plaintiff proved a change of condition under the Workers' Compensation Act. We disagree.

Review of an Opinion and Award of the Commission "is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This 'court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.'" *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d

582, 584 (2008) (citation omitted) (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)). Upon review of the Commission's finding as to a claimant's disability, "we are required to determine whether the record contains any [competent] evidence tending to support the finding." *Davis v. Hospice & Palliative Care of Winston-Salem*, 202 N.C. App. 660, 670, 692 S.E.2d 631, 638 (2010) (citation and internal quotation marks omitted). However, whether the facts presented establish a change of condition is a question of law subject to *de novo* review. *West v. J. P. Stevens Co.*, 12 N.C. App. 456, 460, 183 S.E.2d 876, 879 (1971) (citation omitted).

Upon the motion of an interested party claiming a change of condition, N.C. Gen. Stat. § 97-47 allows the Commission to "review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded[.]" N.C. Gen. Stat. § 97-47 (2011). A change of condition "refers to conditions different from those existent when the award was made[.]" *Weaver v. Swedish Imports Maint., Inc.*, 319 N.C. 243, 247-48, 354 S.E.2d 477, 480 (1987) (citation and internal quotation marks omitted). The moving party must show that "a new condition exists and that it is causally related to the injury upon which the award is based."

*Shingleton v. Kobacker Grp.*, 148 N.C. App. 667, 670, 559 S.E.2d 277, 280 (2002) (citation and quotation omitted).

The primary factor in determining whether a change of condition has occurred is whether the alleged change of condition affects the employee's "*physical capacity to earn wages*[.]" *Grantham v. R. G. Barry Corp.*, 127 N.C. App. 529, 534, 491 S.E.2d 678, 681 (1997) (citation and quotation omitted) (emphasis in original). A change of condition can be a change in any one of the following: 1.) "the claimant's physical condition that impacts his earning capacity," 2.) "the claimant's earning capacity even though claimant's physical condition remains unchanged," or 3.) "the degree of disability even though claimant's physical condition remains unchanged." *Blair v. Am. Television & Commc'ns Corp.*, 124 N.C. App. 420, 423, 477 S.E.2d 190, 192 (1996) (citations omitted). Thus, under prong one delineated in *Blair*, an impact on earning capacity is necessary in addition to a change in physical condition to establish a change of condition under the law. Under prong three, disability is defined as the "impairment of the injured employee's earning capacity and not physical disablement." *Campos-Brizuela v. Rocha Masonry, L.L.C.*, ___ N.C. App. ___, ___, 716 S.E.2d 427, 436 (2011) *appeal dismissed*,

*review denied*, 366 N.C. 398, 732 S.E.2d 579 (2012) (citation and quotation omitted). A claimant can show increased disability (decreased earning capacity) by "the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment[.]" *Russell v. Lowes Prod. Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) (internal citation omitted).

Here, the Commission concluded that plaintiff demonstrated a change of condition based solely on a "(1) a physical change in her injury-related condition and (2) a change in disability." Even though the Commission found two separate grounds for concluding that a change of condition occurred, only one is necessary under the law. *See Blair*, *supra*. The language in (1) is insufficient as a matter of law to support a change of condition because it does not take into account how plaintiff's physical change impacted her earning capacity.

However, the Commission's determination of a change in disability supports its conclusion that plaintiff had a change of condition. In order to conclude whether a change in disability occurred from the Commission's permanent partial disability award on 7 July 2010, we must first determine whether plaintiff was disabled on 6 and 7 March 2011.

Plaintiff sought to establish disability (decreased earning capacity) through "the production of medical evidence that [s]he [was] physically or mentally, as a consequence of the work related injury, incapable of work in any employment[.]" *Id*. Although plaintiff experienced some headaches before 7 July 2010, the "intensity and frequency" of those headaches had "changed for the worse" since that date. It is undisputed that plaintiff "call[ed] in sick" and did not attend work on 6 and 7 March 2011. Dr. Bruce Jaufmann testified that on 13 May 2011, he met with plaintiff and documented "headaches . . . in her occipital area" related to her original neck injury. Dr. Jaufmann filled out an FMLA form indicating that plaintiff's "condition [will] result in intermittent flare ups [that will] require time off from work[.]" Plaintiff told Dr. Jaufmann that "she called out sick on several occasions because of the bad headaches." During another appointment on 22 August 2011, Dr. Jaufmann noted that "over the previous six months, [plaintiff] only missed work once or twice due to her neck pain and her headaches." Thus, there is competent evidence that plaintiff was unable to earn wages and work due to her compensable injury-related headaches on 6 and 7 March 2011. Accordingly, the Commission did not err in finding that

plaintiff was temporarily and "totally disabled from her cervical injury and its consequences" on those days. *See Shingleton*, 148 N.C. App. at 673, 559 S.E.2d at 282 (re-emphasizing that in "proving an inability to work in any employment due to a physical or mental condition in the context of asserting a substantial change in condition, a plaintiff must produce medical evidence that she is no longer capable of any employment").

The Commission's award of temporary total disability is a change from the permanent partial disability award on 7 July 2010. Such a change in disability is sufficient to support a change of condition under N.C. Gen. Stat. § 97-47. *See Weaver*, 319 N.C. at 248-49, 354 S.E.2d at 481 (finding a change of condition where "claimant's condition changed from temporary total disability . . . to total and permanent disability[.]"); *see also Hubbard v. Burlington Indus*., 76 N.C. App. 313, 316, 332 S.E.2d 746, 748 (1985)("When [the Commission] finds on one occasion that a person is permanently partially disabled and on a later occasion finds based on additional evidence that the person is totally disabled this supports a finding of a change in condition.").

## III. Conclusion

In sum, the Commission did not err in concluding that plaintiff proved a change of condition under the Workers' Compensation Act. Thus, we affirm the Commission's Opinion and Award of temporary total disability benefits to plaintiff for 6 and 7 March 2011.

Affirmed.


Judges MCCULLOUGH and DAVIS concur.

Report per Rule 30(e).