An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-808

Filed 2 July 2025

North Carolina Industrial Commission, No. 17-034676

VANESSA PORTER, Employee, Plaintiff,

v.

GOODYEAR TIRE & RUBBER COMPANY,
Employer, LIBERTY MUTUAL INSURANCE
CO., Carrier, Defendants.


Appeal by Defendants from opinion and award entered 31 May 2024 by the

North Carolina Industrial Commission. Heard in the Court of Appeals 9 April 2025.


> *Hedrick Gardner & Kincheloe & Garofalo, LLP, by M. Duane Jones and Matthew J. Ledwith, for Defendants-Appellants.*
>
> *Lennon, Camak & Bertics, PLLC, by Michael W. Bertics, for Plaintiff-Appellee.*


CARPENTER, Judge.

Goodyear Tire & Rubber Company ("Defendant-Employer") and its workers'

compensation insurance carrier, Liberty Mutual Insurance Company (collectively,

"Defendants") appeal from the Opinion and Award on Remand[1] issued by the Full

---

[1] This matter was originally heard in the Court of Appeals on 10 January 2024. Thereafter,

North Carolina Industrial Commission.  On appeal, Defendants argue the Full Commission erred by: (1) failing to determine the earning capacity of Vanessa Porter ("Plaintiff") and (2) miscalculating Plaintiff's temporary partial disability ("TPD") payments.  After careful review, we affirm the Opinion and Award on Remand.

## I.  Factual & Procedural Background

On 8 August 2017, Plaintiff injured her right shoulder while performing her job as a VMI Process Technician for Defendant-Employer.  Defendants conceded the injury was compensable by filing a Form 60 Employer's Admission of Employee's Right to Compensation, where they noted Plaintiff was injured by accident.  Defendants paid Plaintiff temporary total disability ("TTD") benefits at a weekly compensation rate of $931.61 from 20 October 2017 through 11 February 2018 and from 19 March 2018 through 2 June 2018.  Plaintiff also requested Defendants pay her TPD benefits, but Defendants refused.

On 9 December 2019, Plaintiff requested that her claim be assigned for hearing before the Industrial Commission based on nonpayment of TPD benefits and medical benefits.  On 5 April 2021, following a hearing on the matter, Deputy Commissioner Tiffany Mack Smith filed an Opinion and Award, determining: Plaintiff met her

on 6 February 2024, we filed an opinion vacating in part the Full Commission's initial Opinion and Award and remanding the case to the Full Commission for the entry of additional findings of fact and/or conclusions of law.  *See Porter v. Goodyear*, 292 N.C. App. 371, 897 S.E.2d 41 (2024) (unpublished).  On 31 May 2024, the Full Commission issued an Opinion and Award on Remand, which is at issue in the present case.

initial burden of proof in showing that she was entitled to TPD benefits; the burden of proof thereupon shifted to Defendants; and Defendants failed to prove that Plaintiff could have obtained higher-paying work. Deputy Commissioner Smith ordered Defendants to pay Plaintiff TPD benefits beginning 12 October 2019 and continuing until further order of the Industrial Commission, calculated at sixty-six and two-thirds percent of the difference between Plaintiff's average weekly wage at the time of her injury and her "actual post injury weekly wages calculated week by week . . . ."

On 20 April 2021, Defendants timely appealed to the Full Commission, which heard the matter on 2 March 2022. On 14 March 2023, the Full Commission filed an Opinion and Award, determining: Defendants did not show that Plaintiff could have obtained higher-paying work within her permanent work restrictions; Plaintiff engaged in a reasonable job search following her return to work; and Defendants' argument that Plaintiff should have worked more overtime to make up for her wage loss "fails as a matter of law." In addition, the Full Commission ordered Defendants to pay Plaintiff "[TPD] compensation from October 12, 2019 . . . until such time as Plaintiff's post-injury earning capacity increases, subject to the limitations set forth in N.C. Gen. Stat. § 97-30." The Full Commission did not determine Plaintiff's earning capacity beyond 12 October 2019, nor did it specify the formula for calculating her TPD benefits.

On 13 April 2023, Defendants filed notice of appeal to this Court. On 6 February 2024, we filed an opinion affirming the Full Commission's determination

that Plaintiff was entitled to TPD. Because we concluded that the Full Commission's Opinion and Award "does not include any findings of fact or conclusions of law determining [P]laintiff's post-injury earning capacity," we remanded the case to the Full Commission "for the entry of findings of fact and/or conclusions of law concerning [P]laintiff's post-injury earning capacity and for a re-calculation of [Plaintiff's TPD] disability weekly payments." *Porter v. Goodyear*, 292 N.C. App. 371, 897 S.E.2d 41 (2024) (unpublished).

On 31 May 2024, the Full Commission issued the Opinion and Award on Remand. Defendants filed notice of appeal on 1 July 2024.

## II.  Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. §§ 97-86 and 7A-29(a) (2023).

## III.  Issues

The issues are whether the Full Commission erred by: (1) failing to determine Plaintiff's earning capacity and (2) miscalculating Plaintiff's TPD benefits.

## IV.  Analysis

Defendants argue the Full Commission failed to determine Plaintiff's post-injury earning capacity and, as a result, miscalculated the TPD payments owed to Plaintiff because they were not based on her post-injury earning capacity. We disagree.

"Appellate review of an award from the Industrial Commission is generally limited to two issues: (i) whether the findings of fact are supported by competent

evidence, and (ii) whether the conclusions of law are justified by the findings of fact." *Chambers v. Transit Mgmt.*, 360 N.C. 609, 611, 636 S.E.2d 553, 555 (2006). "[F]indings of fact made by the Commission are conclusive on appeal . . . if supported by competent evidence . . . even [when] there is evidence which would support a finding to the contrary." *Hansel v. Sherman Textiles*, 304 N.C. 44, 49, 283 S.E.2d 101, 104 (1981). "Findings not supported by competent evidence are not conclusive and will be set aside on appeal." *Penland v. Bird Coal Co.*, 246 N.C. 26, 30, 97 S.E.2d 432, 436 (1957). "[T]he Industrial Commission's conclusions of law are reviewable de novo by this Court." *Lewis v. Sonoco Prods. Co.*, 137 N.C. App. 61, 68, 526 S.E.2d 671, 675 (2000). " 'Under a *de novo* review, [this Court] considers the matter anew and freely substitutes its own judgment for that of the lower tribunal.' " *Fields v. H & E Equip. Servs., LLC*, 240 N.C. App. 483, 486, 771 S.E.2d 791, 793–94 (2015) (quoting *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008)).

The North Carolina Workers' Compensation Act provides:

> [W]here the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid . . . to the injured employee during such disability, a weekly compensation equal to sixty-six and two-thirds percent . . . of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter . . .

N.C. Gen. Stat. § 97-30 (2023). In its initial Opinion and Award, the Full Commission concluded:

> Plaintiff has met her burden of proof by showing that her wages were reduced due to her [] restrictions from her compensable work injury beginning on October 12, 2019 when she began receiving wages at the Grade 6 pay rate applicable to the Re-Roll position. Therefore, Plaintiff is entitled to temporary partial disability beginning on October 12, 2019.

On remand from this Court, the Full Commission revised its conclusion:

> Plaintiff has established that she sustained a diminution of her wage-earning capacity beginning on October 12, 2019, when she began receiving lesser wages at the Grade 6 pay rate applicable to the Re-Roll position. The Commission further concludes that in these circumstances Plaintiff's average weekly post-injury wage-earning capacity is accurately reflected by her weekly wages earned in the Re-Roll position. Therefore, Plaintiff is entitled to temporary partial disability compensation beginning on October 12, 2019, at a rate of two-thirds of the difference between her pre-injury average weekly wages ($1,397.34) and her post-injury weekly wages calculated week by week in the Re-Roll position.

Because the Opinion and Award on Remand specifically includes Plaintiff's post-injury earning capacity, in that they are "accurately reflected by her weekly wages earned," Defendants' argument is meritless.

Defendants also contend that a claimant's post-injury earning capacity cannot be based on their actual post-injury earnings. But our Supreme Court has explained that a claimant's actual, post-injury earnings are often instructive of the claimant's post-injury earning capacity. *Lanning v. Fieldcrest-Cannon, Inc.*, 352 N.C. 98, 105, 530 S.E.2d 54, 59–60 (2000). When the Full Commission finds that a claimant's post-injury earnings do not accurately reflect their ability to compete with others for

wages, however, the Full Commission cannot base the claimant's post-injury earning capacity on their actual, post-injury earnings. *Id.* at 105, 530 S.E.2d at 59–60.

Here, the Full Commission found that Plaintiff's actual, post-injury earnings accurately reflected her post-injury earning capacity. As such, it was proper for the Full Commission to determine that Plaintiff's earning capacity was reflected by her actual, post-injury earnings. *See id.* at 105, 530 S.E.2d at 59–60. Accordingly, the Full Commission did not err.

## V. Conclusion

Because we conclude the Full Commission determined Plaintiff's post-injury earning capacity and based the calculation of Plaintiff's TPD payments on her post-injury earning capacity, the Full Commission did not err. Accordingly, we affirm the Opinion and Award on Remand.

AFFIRMED.

Judges COLLINS and HAMPSON concur.

Report per Rule 30(e).